Burke, J.
On November 25, 1967, Hassell Thompson was visiting at 1077 Tiffany Street in the Bronx. As he was leaving the building, he met defendant and her brother, during which encounter defendant drew a gun and ordered him from the premises. Later that evening, Thompson returned to the area *528 and again encountered the Steeles. He became embroiled with defendant’s brother and, according to all of the prosecution witnesses, was shot twice in the leg by defendant. Thompson claimed that a knife appeared in Steele’s hand and that during the fight, he was shot by defendant and then stabbed by her brother.
Other prosecution witnesses, Jose Santiago and Hector Melendez, however, testified that Thompson had the knife but that Steele wrested it from him. According to their story, Thompson was stabbed by defendant’s brother and then shot by defendant.
Defendant testified that she was not in the area when the shooting occurred and did not shoot Thompson.
During his summation, defense counsel attempted to argue in the alternative that, if Ida Steele did the shooting, it was in defense of her brother. A prosecution objection was sustained.
In turn, the prosecutor, in his summation, stated: “ I am going to concede one thing to you very quickly, Hank Thompson lied to you in this case. My witness, the complaining witness — the man who was injured lied to you. * * * I think the evidence shows this is his knife. * * * I think the evidence will show that and that he went home and he probably got this weapon, this knife, and I think the evidence further shows that he came back * * * and I think he was the initial aggressor against Thomas Steele. He missed with his lunge. ’ ’
Defense counsel requested that the court charge justification as a defense under section 35.15 of the revised Penal Law. The request was predicated upon the testimony that Thompson had the knife and that the jury might find that defendant was acting in defense of a third person (revised Penal Law, § 35.15, subd. 1). The court incorrectly refused to so charge.
Justification is a “ defense ” (revised Penal Law, § 35.00) — as opposed to an ‘1 affirmative defense ’ ’— and 11 the people have the burden of disproving such defense beyond a reasonable doubt ” (revised Penal Law, § 25.00). Of course, justification, as an affirmative element, need not be disproved in every case. Ordinarily, the possibility of the defense would not appear until injected by the defendant (see, e.g., People v. Sandgren, 302 N. Y. 331) but, here, the prosecution’s case, viewed sepa *529 rately, warrants the requested charge. The People’s eyewitnesses testified that Thompson possessed the knife, and the assistant district attorney, with commendable candor, frankly admitted that the complaining witness was the initial aggressor. Consequently, a jury could find that defendant reasonably believed that Thompson was ‘ ‘ using or about to use unlawful deadly physical force ” (revised Penal Law, § 35.15, subd. 1, par. [a]) at the time she shot him. In determining the requirements of the court’s charge to the jury (Code Crim. Pro., § 420), defendant is entitled to the “most favorable view of the record” (cf., People v. Battle, 22 N Y 2d 323, 324; see, also, People v. Asan, 22 N Y 2d 526; People v. Malave, 21 N Y 2d 26; People v. Mussenden, 308 N. Y. 558). Although we are not dealing here with the typical “ charge down ” situation, the rationale of the cited decisions is equally applicable to matters of defense.
Finally, the question remains whether the alibi defense precludes the requested charge. We have recognized that the jury may believe portions of both the defense and prosecution evidence (People v. Asan, supra, at p. 530). Since a jury might disbelieve the alibi and still find, on the prosecution’s evidence, that defendant acted justifiably, the prosecution claim of inconsistent defenses is not a bar to the charge requested. On this .record, the prosecution’s witnesses created the opportunity for the defense. Defendant in addition—and without regard— to acceptance of her alibi, would be entitled to an acquittal if a jury found a failure of proof of no justification. Under the circumstances, the defendant should not be prevented from arguing that the People failed to prove guilt beyond a reasonable doubt. The issue of the appropriate charge was preserved by an adequate request and an exception to the court’s refusal to so charge (Code Crim. Pro., § 420-a), and the instruction should have been given.
Accordingly, the judgment of the Appellate Division, First Department should be reversed and a new trial ordered.
Chief Judge Fuld and Judges Scileppi, Bergan, Breitel, Jasen and Gibson concur.
Judgment reversed, etc.