■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT DAWSON, Appellant.—Judgment, Supreme Court, New York County, entered September 10, 1974, convicting the defendant of manslaughter in the first degree, after a jury trial, and sentencing him to a term of from 8⅓ to 25 years, affirmed. The defendant did not testify, and his counsel did not request a charge on justification. It was only when the jury raised the question, as delineated in the dissent, that it became a matter of moment. The Judge then ruled, as a matter of law, that the defense of justification was not before the jury, and we affirm. The question of who had the burden of proof on that issue and the fact that it was the People's burden to disprove such a defense (see *People v Steele*, 26 NY2d 526, 528), beyond a reasonable doubt, although discussed in colloquy between counsel and the court, never became an issue in the case. Any inference from the testimony that there could be a contention that justification was actually involved, is indeed tenuous. Concur—Kupferman, J. P., Silverman and Lynch, JJ.; Lupiano and Lane, JJ., dissent in the following memorandum by Lane, J.: Lane, J. (dissenting). The defendant Robert Dawson was indicted and charged with the murder of one Billy Owens. Cleveland White testified on behalf of the People. He stated that on the night of the crime, he and Dawson had gone to the Boston Hotel on Eighth Avenue to speak to Billy Owens. Owens, White and Dawson were talking in a stairwell when Owens and Dawson began to argue. White heard the snap of a knife being opened and saw Dawson stab Owens. Owens died of these wounds. Dawson fled the jurisdiction. Jocelyn Owens, wife of the deceased, testified that when her husband left the apartment to talk to Dawson and White he had been using a hook-billed linoleum knife. She testified that he left it in the apartment when he went into the hallway, though he often carried the knife with him for protection. She testified that she saw Dawson pull out a knife and stab her husband. When Dawson was apprehended in DeKalb County, Georgia, he was advised of his *"Miranda"* rights and then told the arresting officer that he had come to Georgia because his brothers lived there; that when he left New York City he did not know Owens was dead; that he stabbed Owens with a "small knife" and Owens had a "large" knife. These statements were admitted in evidence at trial. White's testimony at trial, as developed on cross-examination, was somewhat equivocal as to who actually drew the knife in question, or if there were two knives. The defendant did not testify in his own behalf. During the trial there was an attempt by defense counsel to introduce, on cross-examination of White, evidence of the reputation of Owens (the deceased) for violence. This attempt was curtailed and the following colloquy took place among counsel and the court: "MR. BLOSSNER [defense counsel]: Your Honor, I have the right to ask it in the form given, reputation for what, as a business man, as a seller of dope. THE COURT: Look, is your defense going to be aggresiveness *[sic]*? MR. TULLY [Assistant District Attorney]: It's everything. THE COURT: Is it self defense? Then the onus then is upon you to prove that. MR. BLOSSNER: There is no reason why I can't prove it through the People's witnesses. THE COURT: By a fair

preponderance of the evidence; the burden then shifts." There was no request to charge the defense of justification, nor was such an instruction given. After the jury had been deliberating some time they returned to the court for further instruction. The following took place: "THE COURT: All right, Mr. Foreman, * * * I received the following note from you today at approximately 4:25 p.m.: 'Dear Sir: Can the defendant be acquitted on the basis of self-defense even if the jury feels the defendant killed the deceased?' The question of self-defense which is neatly defined in the Penal Law Section 35.15 as justification, is not presented for your consideration and is therefore not to be considered by you. This is my finding as a matter of law." Exception to this instruction was taken by defense counsel. I find that, under the circumstances of this case, the failure of the court to instruct the jury as to the defense of justification mandates reversal of the judgment and remand for a new trial. The question posed by the jury as to self-defense indicates that there was sufficient evidence adduced to warrant an instruction of justification. The court's expressed view that the burden of proving justification is on the defendant precluded defense counsel from eliciting further proof by the vehicle of cross-examination of the People's witnesses. Such cross-examination could include questions as to the violent propensities of the deceased, if any, and a showing that he was the aggressor *(People v Rodawald,* 177 NY 408). This rule has been recently expanded to allow in evidence even specific acts of violence committed by the deceased which are relevant and probative to show the defendant's state of mind as to the necessity of defending himself *(People v Miller,* 39 NY2d 543). Trial Term's ruling on this point was therefore error. It is the People's burden to disprove the defense of justification beyond a reasonable doubt *(People v Steele,* 26 NY2d 526, 528–529). Furthermore, based on the facts as adduced at trial, when the jury requested further instruction on the issue of self-defense, it was error for the court to rule that self-defense was not to be considered by the jury in its deliberations. It appears to me that, when a bona fide doubt as to the justification of the acts of the defendant exists in the minds of the jury, with a reasonable basis therefor being grounded in the testimony and evidence adduced at trial, a right sense of justice mandates that the defendant be afforded a new trial where this avenue can be properly explored within the ambit of the appropriate rules of evidence. Accordingly, the judgment of the Supreme Court, New York County, rendered September 10, 1974, after a jury trial, convicting the defendant of manslaughter in the first degree, should be reversed, on the law and in the interest of justice, and a new trial ordered.