■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LLOYD BERRY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 3, 1976, convicting him of several counts of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. Defendant Berry was indicted with one Raymond Mintz in connection with the robbery of three men on February 5, 1976 and a joint trial was commenced. Just prior to the conclusion of the People's case, however, codefendant Mintz elected to plead guilty and, thereafter, he became a principal witness for the defense. Mintz testified that he had committed the robbery with someone named Sonny Simms and not with defendant Berry. As part of his defense, Berry then presented Simms, who admitted to having been Mintz' accomplice, but whose version of the robbery did not coincide with the version given by any of the three victims, or by Mintz himself. At that point the trial court ordered Simms to leave the stand and declared, in the presence of the jury, that his testimony was incredible as a matter of law. The court, over defendant's objection, then instructed the jury to disregard all of Simms' testimony. Defendant appeals. The Sixth Amendment of the United States Constitution, made applicable to the States through the due process clause of the Fourteenth Amendment, affords an accused the right to a trial by jury and the right to present witnesses in his own defense (*Washington v Texas*, 388 US 14). Since the credibility of defendant's witnesses was a question of fact to be determined by the jury, the court's ruling that Simms' testimony was incredible as a matter of law operated to deprive this defendant of his right to a jury trial (see *People v Ohanian*, 245 NY 227). In short, if the witness is competent, the court may not impede the fact-finding process of the jury (cf. *Webb v Texas*, 409 US 95). Accordingly, defendant's conviction must be reversed and a new trial ordered. Latham, J. P., Damiani, Suozzi and Gulotta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTHONY BLANKS, Respondent.—Appeal by the People from a sentence of the Supreme Court, Westchester County, imposed February 23, 1978, upon defendant's conviction of murder in the first degree, upon a jury verdict, the sentence being a term of imprisonment of 25 years to life. Sentence affirmed. The only issue that the People have raised, and that we have passed upon on this appeal, is the legality of the sentence imposed by the trial court, and not the propriety of that sentence. We hold that the sentence imposed by the trial court was a legal sentence (see *People v James*, 43 NY2d 17). We note that defendant has appealed from the judgment convicting him of the crime of murder in the first degree and that appeal has not as yet been perfected. Upon the perfection of defendant's appeal, he may raise any issues, as he sees fit, with regard to the sentence imposed. Mollen, P. J., Hopkins, Suozzi, Shapiro and Margett, JJ., concur.