■   THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME HANDY, Appellant.—Judgment, Supreme Court, New York County, rendered March 26, 1976, convicting defendant, after jury trial, of murder in the second degree and sentencing him to an indeterminate term of 15 years to life, unanimously reversed, on the law, and the matter remanded for a new trial. It was error for the court to refuse to charge the jury on justification. The prosecution's key witness was a 14-year-old girl who saw most, but not all, of the incident culminating in the fatal shooting. Her account that she saw defendant shoot Edwards while Edwards held his hands, upraised, differed from an earlier version. On cross-examination she conceded that she had once told an investigator that she lost sight of Edwards as he backed up because her line of vision was blocked by a parked truck, that Edwards had reached into his back pocket, and that only after she lost sight of Edwards did defendant pull his gun. Moreover her testimony discloses an obvious confusion as to whether Edwards was advancing or backing up at the time he put his hand into his back pocket. When she last saw defendant and Edwards, before her vision was blocked, they were only 15 feet apart. It is clear that the witness did not know what gestures, if any, Edwards had made or what position he was in at the precise moment that defendant fired. In such a setting as was described a reasonable view of the evidence could support the inference that Edwards had made a threatening motion towards defendant which precipitated his firing of the gun. Defendant knew that Edwards just a short time earlier had argued with his brother during the course of which Edwards had pulled a knife. An autopsy revealed that Edwards had been a chronic alcoholic who was drunk at the time of his

death. It is not implausible that Edwards, in a stupor, made a threatening motion towards defendant, either before or despite the latter's display of the gun. Thus, a sufficient question of fact was raised as to what Edwards had done just prior to the shooting. It is not inconceivable that the jury could find that Edwards was "using or about to use unlawful deadly physical force" (Penal Law, § 35.15, subd 2). "In determining the requirements of the court's charge to the jury * * * defendant is entitled to the 'most favorable view of the record' [cases omitted]" *(People v Steele,* 26 NY2d 526, 529). But the court's refusal to charge justification removed the issue from any jury consideration. This was error and warrants a retrial. Concur—Lupiano, J. P., Fein, Sandler and Sullivan, JJ.