■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER FRAZIER, Appellant. — Judgment, Supreme Court, New York County (Reilly, J.), rendered on November 3, 1979, convicting defendant, after a jury trial, of two counts of assault in the second degree and sentencing him to two concurrent indeterminate terms of five years, affirmed. On appeal defendant does not challenge the legal sufficiency of the proof of his assaults, which in the main came from the mouth of the victim, Whitfield Pratt. He testified that, after a verbal argument in the afternoon of September 24, 1978, defendant first slashed him with a razor and, after Pratt ordered him out of the apartment, stabbed him with a switchblade knife. An ambulance came for Pratt shortly after 5:00 P.M. Defendant denied any assault on Pratt, testifying that the only assault occurred when Pratt lunged at him with a dagger which cut him on the thigh after he had raised his arm to deflect the blow. Defendant testified that he then ran from the apartment. He went to a hospital at 7:30 that evening. He told the physician who treated him for a superficial laceration on his leg that he had been injured at 6:30. On summation, neither the prosecution nor the defense made any arguments touching upon justification, both having concentrated on the issue of witness credibility. Then, just before the court's charge, defense counsel requested a charge on justification. The court refused because defendant had denied stabbing the victim. This refusal is defendant's primary point on appeal. We agree with the dissent that defendant's denial of the stabbing would not alone preclude him from a justification charge and that, for the purpose of the request to charge, the court was required to view the evidence in a light most favorable to defendant. Where, however, there is no evidence that would support justification, the court may refuse to charge it (*People v Collice,* 41 NY2d 906). We recognize, too, the general rule that a jury may credit selected portions of the prosecution's or the defendant's case to reach its verdict, given a "rational basis for sorting out proof" (*People v Scarborough,* 49 NY2d 364, 373). Most important here is the exception to the general rule, that is, that it "has never been applied to countenance selective dissection of the integrated testimony of a single witness as to whom credibility, or incredibility, could only be a constant factor" (*People v Scarborough, supra,* p 373). A justification charge would have been required here if the jury could have found from a reasonable view of the evidence that Pratt's injuries were sustained in the course of defendant's defending himself from an assault by Pratt (see Penal Law, § 35.15, subd 1). When requesting the charge, defendant's trial counsel cited defendant's testimony that he had swung his arm to resist a dagger assault by Pratt. This would not account for the wounds

on Pratt and would, therefore, be an irrational view of the evidence. Defendant's appellate counsel has filled this gap. He argues that the jury could find that Pratt came at defendant "with a dagger, cutting him on the thigh, and that in the ensuing struggle, [defendant] wrested the weapon from him, slashing him once and stabbing him once in self-defense". Apart from defendant's testimony that Pratt slashed him with a dagger, this has no basis in the record. There is no evidence that there was a struggle or that defendant wrested a dagger from Pratt. Slashing and stabbing a disarmed man scarcely comports with self-defense. The dissenting opinion takes a third approach, that the jury could find by a process of selective credence that both men were armed and that defendant responded to an initial attack by Pratt. We must disagree; there is no evidence that both men were armed, and this approach runs afoul of the exception to the general rule above quoted. Essentially this case hinges on the "integrated testimony of a single witness" on each side (cf. *People v Steele,* 26 NY2d 526; *People v Ortiz,* 52 AD2d 518): Pratt, who claims an unprovoked and unanswered attack by defendant; defendant, who claims an unprovoked and unanswered attack by Pratt. There is no evidence to support a middle ground. The jury was called upon to elect which to believe and it had no reason to indulge in "selective dissection". In consequence, a justification charge was unwarranted. Defendant could have been given a seven-year term on each count. The victim was seriously wounded. We find that imposition of concurrent indeterminate terms of five years with no minimum is not an abuse of discretion and is not excessive (see *People v Junco,* 43 AD2d 266, affd 35 NY2d 419, cert den 421 US 951). Concur — Murphy, P. J., Sullivan, Ross and Lynch, JJ.

Sandler, J., dissents in a memorandum as follows: This is an appeal from a judgment rendered after a jury trial, convicting defendant of two counts of assault in the second degree and sentencing him to two concurrent indeterminate terms of five years. The principal issue is whether the trial court erred in refusing defendant's request to submit to the jury the issue of justification. Giving the defendant the " 'most favorable view of the record' " (*People v Steele,* 26 NY2d 526, 529), as the law requires, there is disclosed a reasonable view of the evidence that would have supported a jury finding of justification if the issue had been submitted. Accordingly, the judgment of conviction should be reversed, and the case remanded for a new trial. The trial concerned an event that occurred on September 24, 1978. Some time before that date, the defendant came to live on a temporary basis with the complaining witness, Whitfield Pratt, and his common-law wife, under disputed circumstances not here relevent. The precise time of day at which the incident occurred is not clear. The testimony of both men on this question was vague and the best estimates of each appear extremely improbable in light of contradictory information provided by hospital records. As to the quarrel which, according to the complaining witness, resulted in the defendant stabbing him, the accounts given by both witnesses were in sharp disagreement as to virtually every detail, except that it in some way related to the complaining witness' common-law wife, who was not present, and to a claim by the defendant to have given her $20. Pratt testified that a time came when he asked the defendant to leave. The defendant refused to do so without the return of the $20, and then slashed him on the right side of the chest with a razor knife. Pratt said that he went to the kitchen to get something to stop the bleeding and then returned to the living room. The defendant produced a switchblade knife, stabbed him, and left. Pratt then went to a neighbor's apartment where an ambulance was called, remained in the hospital one week, and then reported the incident. He denied that he was in possession of a knife at any time during the incident or

that he had attacked the defendant. Hospital records confirmed the two wounds alleged by Mr. Pratt, one of which was superficial and the other penetrating. The defendant testified that during the course of the argument the complainant began cursing at him, went into the bedroom and returned with a knife, told the defendant to leave, and swung at him with the knife, cutting him on the thigh. The defendant testified that he fended off the attack by pushing aside the complainant's knife hand, left the apartment, stopped at a vacant room he had rented to get a change of clothing, and proceeded to a hospital. Hospital records confirm a superficial wound to the defendant's thigh. The leading case on the issue presented is *People v Steele* (*supra*), in which the Court of Appeals set forth these controlling principles. A defendant's denial that he had inflicted the injuries charged does not preclude his right to a justification charge if otherwise supported by the evidence. In deciding whether to submit the issue, the court is required to give the defendant the " 'most favorable view of the record' " (p 529). The test to be applied is that applicable with regard to requests to submit lesser included offenses, which is whether "there is [a] reasonable view of the evidence [to] support such a finding". (See CPL 300.50, subd 1; *People v Mussenden,* 308 NY 558; *People v Scarborough,* 49 NY2d 364.) Finally, the jury has the right to believe portions of both the defense and prosecution evidence. Central to the issue presented are the long-standing basic principles, part of boiler-plate language in every criminal charge, that it is for the jury to evaluate the credibility of the witnesses, and that if a jury finds that a witness testified falsely, it may disregard everything testified to by that witness but also has the right to accept that which it believes and reject that which it does not find credible. The jury here was not required to choose between two contradictory versions of the encounter, believing everything said by one witness and rejecting in its entirety the testimony of the other. As part of its fact-finding function, the jury could credit the testimony of the complaining witness that the defendant had stabbed him and disbelieve his denial that he had attacked the defendant with a knife. Conversely, the jury was entitled not to believe the defendant when he denied having stabbed Mr. Pratt, but to accept his testimony that the complaining witness had attacked him with a knife causing a wound to his thigh. In short, in discharging its fact-finding function, the jury could have appropriately determined that there was a reasonable possibility that the complaining witness was stabbed by the defendant during an altercation initiated by the complaining witness attacking the defendant with a knife. On this view of the evidence, a reasonable one giving the defendant the "most favorable view of the record" the defendant was entitled to a charge of justification. That such a factual determination by the jury would have required it to resolve the issue without direct evidence on important aspects of the event does not, as suggested by the District Attorney, defeat the defendant's right to such a charge on the theory that the jury would have been required to speculate. Absence of direct evidence on important details is not a unique phenomenon in criminal or other trials. The practical consequence of such a factual determination by the jury, given the People's burden of proof, would simply be the probable acquittal of the defendant. In *People v Scarborough* (*supra*), discussing the circumstances under which a trial court is required to submit a lesser charge where the basis for such a charge is claimed to rest on the jury's right to believe only part of the testimony of a single witness, the Court of Appeals struck a cautionary note (49 NY2d, at pp 372-373): "[O]ne witness may be stronger than another, documentary proof may be more persuasive than oral testimony, there may be contradictory proof as to a portion but not all of the proof, cross-examination may effectively undermine a significant portion, although not all,

of a witness' testimony; in sum there may be a rational basis for sorting out proof. The principle, however, has never been applied to countenance selective dissection of the integrated testimony of a single witness as to whom credibility, or incredibility, could only be a constant factor." The principles set forth in *Scarborough,* clearly applicable to the issue here, in no way impair the validity of the analysis set forth above. A rational basis for the jury to have sorted out the testimony in the manner suggested here as reasonably possible appears in the obvious motive of the complaining witness, if he had in fact assaulted the defendant with a knife, to deny that criminal act, a motive to falsify that does not affect his testimony that the defendant stabbed him. A similar analysis of course applies even more strongly to the defendant's testimony. The court memorandum rests its contrary conclusion on the untenable hypothesis that it would have represented impermissible "selective dissection" for the jury to have accepted as true parts of the testimony of both principal witnesses while rejecting those aspects of the testimony as to which each had a powerful, indeed classic, motive to lie. This cannot be right. From time immemorial, testimony by a witness denying the commission of a crime has been recognized as involving a motive to lie. Juries have been consistently so instructed, and countless summations, particularly by prosecutors, have argued that view without objection. If a jury may not reject that part of the testimony of a witness as to which he has a strong motive to lie, although accepting as true other aspects of the testimony of that witness, it is not easy to see what remains of the long-established, heretofore unchallenged instruction that a jury, finding that a witness testified falsely as to one matter, may reject all of the testimony of the witness, but may also accept that which it believes to be true and reject that which it believes to be false. What really underlies the conclusion reached in the court memorandum is a failure to accept that a defendant in an assault case whose testimony raises a factual issue of justification is entitled to the submission of that charge to the jury even if the defendant denies having ever assaulted the complaining witness. I confess to a sense of perplexity at the difficulty which this proposition seems to present. The following example may clarify the issue. Assume that the complaining witness had testified precisely as he did on this trial, that the defendant had denied having been present at all on the occasion described by the complaining witness or engaging in any quarrel with him whatsoever, and that a third person, purportedly present in the apartment, had testified as did the defendant in this case to seeing the complaining witness, without any prior provocation, slash at the defendant with a knife, and the witness testified that he then left the room and did not see what occurred thereafter. The suggested factual pattern duplicates almost precisely that presented in *People v Steele (supra)* and *People v Ortiz* (52 AD2d 518), in which cases it was found to be error not to submit the issue of justification. In the example given, it would surely be apparent that the jury could properly have rejected that part of the testimony of the complaining witness in which he denied attacking the defendant, I am aware of no authority, or any basis in reason or logic, nor is any suggested in the court memorandum, for reaching a different result where the evidence establishing the issue of justification comes from the defendant. No doubt such testimony coming from a third party may seem more credible than when given by the defendant himself, but the weight of the evidence is surely for the jury to determine, not the court. Whatever the truth may be, there is nothing inherently improbable in an evaluation of the evidence suggested here as reasonably possible. A recurrent characteristic of criminal assault cases is that persons injured as a result of an altercation they themselves provoked will frequently deny all or part of their own culpable conduct. And although not as common, it is by no means unprecedented for someone who injures another

under circumstances presenting an issue of justification to deny having inflicted the injuries. Indeed, several of the leading appellate cases in this area suggest precisely such a fact pattern. (See *People v Steele, supra; People v Ortiz, supra; People v Rivera,* 74 AD2d 589.) Nor is there any merit to the District Attorney's argument that defendant's right to a justification charge was somehow lost because defense counsel had not argued the issue in his summation. The law does not require defense counsel to argue in summation every issue raised by the evidence. A frequent, often troublesome, problem of judgment for prosecutors, is to decide whether to address in their summation issues not argued by defense counsel. If the court believed that the District Attorney had been unfairly misled by defense counsel's failure to argue the issue, it would have been appropriate to have allotted additional argument time to both sides to address the issue. The failure of defendant's counsel to argue the issue in summation did not forfeit his right to the charge if a reasonable view of the evidence entitled the defendant to a justification charge. The judgment of the Supreme Court, New York County (Reilly, J.), rendered November 3, 1979, convicting defendant after a jury trial of two counts of assault in the second degree and sentencing him to two concurrent indeterminate terms of five years, should be reversed, the judgment vacated, and the case remanded for a new trial.