*301 OPINION OF THE COURT
Chief Judge Cooke.
A trial court need not charge a jury with respect to an accused’s proffered defense of justification if no view of the evidence establishes the basic elements of the defense. There was such a failure here, and defendant’s conviction should therefore be affirmed.
Defendant was convicted after a jury trial of assault in the second degree and criminal possession of a weapon in the fourth degree arising out of the shooting of a woman on August 13,1977. He contends that the trial court’s refusal to charge the jury on the defense of justification violated his right to due process.
A court is required to instruct the jury on “fundamental legal principles applicable to criminal cases in general” and those “material legal principles applicable to the particular case” (CPL 300.10, subds 1, 2; see People v Murch, 263 NY 285, 291). When evidence at trial viewed in the light most favorable to the accused, sufficiently supports a claimed defense, the court should instruct the jury ás to the defense, and must when so requested. A failure by the court to charge the jury constitutes reversible error (see People v Torre, 42 NY2d 1036, 1036-1037; People v Steele, 26 NY2d 526, 528-529). As a corollary, when no reasonable view of the evidence would support a finding of the tendered defense, the court is under no obligation to submit the question to the jury.
The defense of justification, as raised in the present case, permits one to use deadly physical force on another when one reasonably believes that deadly physical force is being used or imminently will be used by such other person (see Penal Law, § 35.15, subd 2, par [a]). The defense is qualified by a duty to retreat, unless the person acting defensively was in his or her home and was not the original aggressor (see id.). Thus, defendant here could have reached the jury with his asserted defense only if the record would support findings that defendant: (1) reasonably believed that the complainant was about to use deadly physical force; and (2) he had satisfied his duty to retreat or was under no such duty.
*302 Defendant asserts that the issue of justification was sufficiently injected at trial" to require that the jury consider it. The sole probative evidence was the testimony of a police officer, who recounted a statement, made by defendant at the time of his arrest, that the complainant “came after [defendant] in his room with a kitchen knife”. This evidence, standing alone, was insufficient to require a jury charge on the defense of justification. It provides no basis for determining whether defendant reasonably believed that he was in imminent danger of being subjected to deadly physical force.* On the record here, the court’s denial of defendant’s requested charge was not error.
Defendant also argues that the 18-month delay from his arrest until trial deprived him of his constitutional right to a speedy trial and, therefore, his conviction should be reversed and the indictment dismissed. The constitutional right to speedy trial affords a humanitarian protection to mitigate the injury to an untried suspect who is imprisoned for a prolonged period (People v Johnson, 38 NY2d 271, 276; People v Prosser, 309 NY 353, 356). It also serves policies akin to the right of due process by forbidding the punishment of a defendant whose defense was, by reason of the delay, unduly prejudiced (see People v Staley, 41 NY2d 789, 791). This court has set forth five factors for evaluating a defendant’s constitutional speedy trial claim: (1) the extent of the delay; (2) the reason(s) for the delay; (3) the nature of the underlying charge; (4) whether there has been an extended period of pretrial incarceration; and (5) whether the defense may have been impaired by reason of the delay (see People v Taranovich, 37 NY2d 442, 445; see, also, People v Perez, 42 NY2d 971; People v Staley, supra; People v Imbesi, 38 NY2d 629; People v Johnson, supra).
Due to the factual inquiry unique to each case, however, “no rigid precepts may be formulated which apply to each and every instance” (People v Taranovich, supra, at p 445). The delay in this case was 18 months during the first 12 of *303 which defendant was incarcerated. The courts below found that two weeks of the delay was attributable directly to the prosecution, three weeks of the delay was attributable to the defendant, and the remainder was caused by court scheduling and assignment. Furthermore, defendant was incarcerated for one year prior to his trial. Although not the result of prosecutorial inaction the bulk of the pretrial delay is, nevertheless, attributable to the State (see People v Johnson, supra, at p 279; People ex rel. Franklin v Warden, Brooklyn House of Detention for Men, 31 NY2d 498).
Notably, inasmuch as delay based on an inability to provide sufficient court facilities may not be as readily deterred by the extraordinary remedy of dismissing an indictment, such cause tends to “weigh less heavily” on the State when a court evaluates constitutional speedy trial claims (People v Johnson, supra, at p 278).
Although the nature of the crime here was serious, that did not contribute to the delay. As to the question of prejudice, defendant argues that the delay so weakened his memory that he was “less able to articulate exactly what had transpired” (People v Taranovich, supra, at p 447), and he therefore decided not to testify. Although this court has held that acuity of memory, whether that of a defendant or a nonparty witness, when dulled by a substantial pretrial delay, may sufficiently impair a defense so as to warrant a finding of a denial of a defendant’s speedy trial right (see People v Moore, 47 NY2d 872; People v Taranovich, supra, at p 447; see, also, Barker v Wingo, 407 US 514, 532), there is no such indication here. Indeed, the existence of defendant’s written statement would have been sufficient to revive any lapsed memory or to have demonstrated an inability to recall at the time of trial. The record indicates that defendant’s counsel made a tactical decision to not call defendant as a witness solely because he found the defendant, whose recollection counsel admittedly never attempted to refresh, unable to recount events sufficiently to withstand cross-examination. Under all the circumstances here, it cannot be said that defendant was deprived of his constitutional right to a speedy trial.
*304 Accordingly, the order of the Appellate Division should be affirmed.
Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed

 In sharp contrast, in People v Torre (supra), error was found in the trial court’s failure to charge the jury on the issue of justification because there was testimony of the defendant and an eyewitness that detailed the victim’s first aggression with deadly force. In People v Steele (supra), the Assistant District Attorney admitted that the complainant was the initial aggressor and that he possessed a knife.