■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST ALSTON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Lentol, J.), rendered September 2, 1980, convicting him of murder in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Judgment modified, on the law, by reducing the conviction of murder in the first degree to one of murder in the second degree, sentence vacated thereon, and matter remitted to the Supreme Court, Kings County, for resentencing on that count. As so modified, judgment affirmed.

Because the first degree murder statute under which the defendant was convicted is invalid (*People v Davis,* 43 NY2d 17, cert den 435 US 998; *People v Craig,* 81 AD2d 413), that conviction must be modified to one of murder in the second degree (*People v Smith,* 63 NY2d 41; *People v Davis, supra,* p 37) and the statute requires that the case be remitted for resentencing on that count (CPL 470.20, subd 4; *People v Smith, supra; People v Graham,* 36 NY2d 633, 640; cf. *People v Blanks,* 62 AD2d 1021, application for lv to app den 44 NY2d 951, cert den 439 US 915). Since there is simply no reasonable view of the evidence to support a defense of justification, we conclude that defendant is not entitled to a new trial on that issue.

The proof of guilt in this case is truly overwhelming. Eyewitness testimony conclusively established that defendant shot and killed an off-duty police officer when he was refused admission into a liquor store. After fleeing the scene and attempting to hide the murder weapon, he admitted his involvement to friends, but claimed that the officer had chased him and fired at him first. However, he claimed to the police that it was a man named "Bop" who was responsible.

While defendant did not offer any evidence in his own behalf at trial, defense counsel contended that the jury was free to reject eyewitness testimony and requested a charge on justification. The trial court ruled that section 35.27 of the Penal Law,

which prohibits the use of physical force to resist arrest, precluded assertion of a justification defense to murder in the first degree, but allowed the jury to consider such a defense to murder in the second degree as a lesser included offense. In light of defendant's conviction for murder in the first degree, the issue of justification was not reached by the jury.

Our cases hold, contrary to the trial court's ruling, that section 35.27 of the Penal Law does not interdict a justification defense, if some reasonable view of the evidence shows that the defendant was the victim of an unprovoked police attack, or excessive force (see *People v Carneglia,* 63 AD2d 734; *People v Sanza,* 37 AD2d 632). Nonetheless defendant was not entitled to the justification charge that was in fact given, since no reasonable view of the evidence established the basic elements of the defense (*People v Watts,* 57 NY2d 299, 301; *People v Collice,* 41 NY2d 906; *People v Frazier,* 86 AD2d 557).

To be sure, in determining whether to give such a charge, the defendant is entitled to the most favorable view of the evidence (*People v Padgett,* 60 NY2d 142, 144-145; *People v Torre,* 42 NY2d 1036, 1037; *People v Steele,* 26 NY2d 526, 529; *People v Jenkins,* 93 AD2d 868). But that does not mean that the jury may resort to " 'sheer speculation' " — "as if, with scissors and paste, it might construct a wholly artificial line of testimony" through the "sorting of the testimony of a single witness" (*People v Scarborough,* 49 NY2d 364, 373, 374; see, also, *People v Discala,* 45 NY2d 38, 43; *People v Frazier, supra*). There must be *some* evidence to support the defense theory.

Here, there is simply none. Neither eyewitness testified that the officer fired first or drew his weapon first. Indeed, according to one eyewitness, the victim told the defendant several times that he was a police officer before the shots were exchanged. The uncontradicted testimony established that the officer originally received two nonfatal wounds, one in the arm, the other in the leg, and was limping around the corner in pursuit of his assailant. When the officer ordered the defendant not to move, he leaned out of a doorway, where he had secreted himself, and fired the three fatal shots at the officer.

Thus, the defendant's failure to retreat, when he was able to do so, and the firing of three shots, negate essential elements of the defense (Penal Law, § 35.15, subd 2, par [a]; see *People v Collice,* 41 NY2d 906, 907, *supra; People v Glenn,* 68 AD2d 626, 627, revd on other grounds 52 NY2d 880). No justification charge was, therefore, warranted (*People v Watts, supra; People v Collice, supra; People v Frazier, supra*). Titone, J. P., Gibbons, Bracken and Rubin, JJ., concur.