■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAVIER PABON, Appellant. — Appeal by defendant from a judgment of the County Court, Dutchess County (Aldrich, J.), rendered August 18, 1980, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The sole question raised on this appeal is whether the evidence adduced at trial warranted the submission of a justification charge to the jury. We find it did not, and that the County Court committed no error in refusing to deliver such a charge.

Defendant's version of the events which took place on the evening of November 26, 1979 at the Main Street Mall in Poughkeepsie, New York, was that during an argument the deceased cut him on the chest with a sharp object, possibly a razor. Defendant's friend, "Ricky" Rosario, then hit the deceased with a stick and the deceased ran. Defendant and Rosario then chased after the deceased until he turned around, and, armed with a stick and threatening to kill defendant, came towards them. Defendant testified that he bent over to pick up a metal rod when the deceased, plunging at him, fell and impaled himself on the rod.

Under defendant's version of the occurrence, the victim's death was caused by accident. Defendant would nevertheless be entitled to a charge on justification (*People v Padgett,* 60 NY2d 142; *People v Huntley,* 87 AD2d 488, affd 59 NY2d 868) provided of course, that the evidence, viewed in a light most favorable to defendant, established the elements of such defense. Under defendant's version of the facts, the victim was the initial aggressor, and was armed, at first with a razor-like object and then with some sort of a stick. In order for defendant to be justified in the use of deadly physical force upon the deceased, defendant, who was not in his own home and who was not a peace officer, was required by statute to retreat (Penal Law, § 35.15, subd 2, par [a]; *People v Stridiron,* 33 NY2d 287, 292; *People v Watts,* 57 NY2d 299, 301; *People v Dingley,* 50 AD2d 361, revd on other grounds 42 NY2d 888) at least if he knew he could have done so in complete safety (*People v Alston,* 104 AD2d 653; *People v La Susa,* 87 AD2d 578). In this case, since the deceased admittedly fled from the scene of the initial confrontation, there is no reasonable view of the evidence which would lead to any conclusion but that defendant must have known that he could have retreated in complete safety to himself. Instead of doing so, however, defendant chased after the deceased after he had fled. Rather than fulfilling his statutory duty to retreat prior to the use of deadly physical force, defendant advanced the confrontation to the point where it resulted in the death of the deceased. Under the circumstances, he was not entitled to assert the defense of justification (*People v Stridiron, supra; People v Alston, supra*). Titone, J. P., Mangano, Brown and Rubin, JJ., concur.