■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN WALTERS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered July 29, 1982, convicting him of murder in the second degree, assault in the third degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Viewing the evidence in a light most favorable to the People (*People v Contes*, 60 NY2d 620), we conclude that, as a matter of law, there was legally sufficient evidence adduced at trial to sustain defendant's conviction. Nor do we consider the jury's verdict to be against the weight of the evidence as a matter of fact.

Defendant contends, alternatively, that the court erred in refusing to charge the jury as to the elements of the defense of justification and that a new trial is therefore warranted. We disagree. The record establishes that defendant and Errol Lindo drew guns and frisked victim Allen Taylor when Taylor attempted to intercede in a fight which was developing between another victim, decedent Wayne Dunbar, and a person known as Chico. The record also establishes that Chico was the initial aggressor with regard to his dispute with decedent Dunbar, and that defendant and Errol Lindo were assisting him in his efforts to provoke a fight with Dunbar. Witness Oscar Lynch testified that Dunbar made a gesture with his arm, which was concealed under his jacket, and told Chico not to come any further. At that point, Lynch testified, a shot rang out, although he could not tell if it was fired by Dunbar. The other evidence at trial reveals that Dunbar was not in fact armed and that the initial shot was fired by some other person. It is also clear from the remainder of the testimony

that defendant and Lindo, after this first shot, discharged their weapons repeatedly in the direction in which Dunbar and Taylor were fleeing, that Taylor was wounded, and that Dunbar was killed.

Under these circumstances, the defense of justification was not established, and no charge on justification was warranted. There was no proof at all that defendant even saw the gesture made by decedent Dunbar, much less attached to it the significance erroneously given to that gesture by witness Oscar Lynch. Indeed, there is absolutely no proof that defendant believed that Dunbar, Taylor, or anyone else was about to use deadly physical force against him or against Chico (*People v Watts*, 57 NY2d 299, 302).

In this case the jury could have found in favor of the defendant based on the defense of justification only by drawing unwarranted inferences from Lynch's testimony and engaging in sheer speculation (*cf. People v Alston*, 104 AD2d 653). Accordingly, the court properly refused defendant's request to charge justification.

We have reviewed defendant's remaining contentions and find them to be without merit. Brown, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.