■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HARRIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered April 4, 1985, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, following a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement made to the police.

Ordered that the judgment is affirmed.

The defendant contends that his statement to the police should have been suppressed. However, great weight must be accorded the determination of the hearing court with its particular advantages of having seen and heard the witnesses *(People v Prochilo,* 41 NY2d 759, 761; *People v Yukl,* 25 NY2d 585, *mot to amend remittitur denied* 26 NY2d 845, 883, *cert denied* 400 US 851) and its determinations on the issue of credibility should not be disturbed if supported by the record *(People v Alver,* 111 AD2d 339, 340). Here, the hearing court credited the testimony of two police officers that the defendant did not request counsel prior to making inculpatory statements and discredited the defendant's testimony that he was suffering the effects of ingesting cocaine and a consequent lack of sleep at the time he made the statement at issue. We see no reason to disturb the hearing court's determination of credibility which is supported by the record.

In addition, the hearing court determined that the defendant's statement was voluntarily given under noncustodial circumstances. Although the defendant argues that his statement should have been suppressed because the police officers knew that he had been arrested four months earlier on an unrelated criminal charge, we perceive no violation of his right to counsel because the statement was given under noncustodial circumstances *(see, People v Bertolo,* 65 NY2d 111, 116; *People v Torres,* 97 AD2d 802). There is no basis in the record for reversing these findings *(see, People v Yukl, supra; People v Oates,* 104 AD2d 907; *People v Torres, supra),* which are neither erroneous as a matter of law nor against the weight of the evidence *(see, People v Newson,* 68 AD2d 377, 387).

Finally, the justification defense was properly not charged by the trial court. There is no indication in the record that the deceased was ever armed with a weapon; nor is there any

evidence that the defendant actually believed that the deceased was about to use deadly force against him, or that he could not have retreated in complete safety to himself *(see, People v Figueroa,* 111 AD2d 765; *People v Pabon,* 106 AD2d 587; *People v Alston,* 104 AD2d 653). Niehoff, J. P., Eiber, Kunzeman and Harwood, JJ., concur.