■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY CHARLES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Martin, J.), rendered November 11, 1986, convicting him of assault in the third degree, criminal trespass in the second degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On appeal, the defendant contends that the court erred in declining to charge the jury, pursuant to Penal Law § 35.05 (2), that his unlawful entry into the complainant's apartment was necessary and thus justified as an emergency measure to avoid an imminent public or private injury. We disagree.

According to the defendant, since the complainant had allegedly become intoxicated to the point of unconsciousness in the past, her failure to answer her doorbell at approximately 6:00 A.M. gave rise to a reasonable belief that she may have been inebriated and in some type of danger, thereby justifying his subsequent unlawful entry into her apartment. Significantly, there was no testimony in the record that the complainant was intoxicated when the defendant rang her doorbell or that she was in imminent danger of any harm at that time.

It is well settled that, "[where] no reasonable view of the evidence would support a finding of the tendered defense, the court is under no obligation to submit the question to the jury" *(see, People v Watts,* 57 NY2d 299, 301). Contrary to the defendant's contention, there was no reasonable view of the evidence which would support a finding by the jury that his entry was necessary as an emergency measure to avoid imminent injury to the complainant. Accordingly, the court properly declined to submit the defense to the jury. Mangano, J. P., Brown, Kooper and Balletta, JJ., concur.