■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH DOUGLAS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Alfano, J.), rendered February 6, 1984, convicting him of attempted

murder in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence adduced at trial established beyond a reasonable doubt that the defendant was guilty of attempted murder in the first degree. The evidence that the defendant fired 6 to 8 shots at the uniformed police officer at close range, and continued to shoot at the police officer after he had fallen, was sufficient to establish that the defendant's intent was to cause death (see, People v Rodriguez, 121 AD2d 409; People v Colon, 113 AD2d 897). Although the police officer had drawn his gun, he merely requested the defendant to stop. The defendant instead secreted himself behind a car and then deliberately shot at the pursuing police officer. Thus, the defendant here was not a victim of an unprovoked police attack, and in view of the fact that the uniformed officer identified himself as a police officer, the defendant was not entitled to raise a defense of justification (see, Penal Law § 35.27; People v Alston, 104 AD2d 653). In any event, no reasonable view of the evidence established the basic elements of the defense of justification (see, Penal Law §§ 35.27, 35.15 [2] [a]). The defendant's failure to retreat when he was able to do so after initially disabling the police officer and the firing of further shots negate essential elements of the defense (see, Penal Law § 35.15 [2] [a]; People v Alston, supra).

Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

We also reject the defendant's contention that he was deprived of effective assistance of trial counsel by the failure of trial counsel to request a justification charge at trial. No reasonable view of the evidence would support the giving of the charge, especially in light of the statutory prohibition against using force to resist an arrest by an officer (see, Penal Law § 35.27). Thus, it was a reasonable strategy for the defense counsel to concentrate on a defense of misidentification. Similarly, no error occurred on the part of the defense counsel in failing to require the production of the bulletproof vest and the shirt worn by the injured officer to corroborate the testimony that a bullet struck his chest. The introduction of this physical evidence might have prejudiced the jurors against the defendant. We are satisfied that defense counsel provided meaningful representation to the defendant (see, People v Hewlett, 71 NY2d 841, 842; People v Baldi, 54 NY2d 137).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Tutt,* 38 NY2d 1011, 1013; *People v Jones,* 89 AD2d 875) or without merit. Thompson, J. P., Brown, Kunzeman and Harwood, JJ., concur.