■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES PORTER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered September 30, 1988, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Immediately after the occurrence of the stabbing incident involved here, the defendant's neighbor observed him standing in a hallway of the apartment building where they resided, holding an eight-inch, kitchen knife. At the same time, the neighbor observed the victim, still alive, slumped against a door. The Medical Examiner testified that the victim was killed when a knife lacerated his aorta and pulmonary artery and that the fatal wound was approximately 5½ inches deep.

Although there is evidence that prior to the stabbing, the victim and the defendant had engaged in a verbal exchange involving the return of various record albums that the victim had borrowed from the defendant, and that the victim, who was intoxicated, was verbally abusive to the defendant, there is no indication that the victim was armed, that the defendant actually believed that the victim was about to use deadly physical force against him, or that the defendant could not have retreated in absolute safety. Under these circumstances, the trial court did not err in declining to charge the defense of justification (see, *People v Harris*, 134 AD2d 369, 370; *People v Reynoso*, 73 NY2d 816; *People v Padgett*, 60 NY2d 142, 144-145; *People v Watts*, 57 NY2d 299, 301). The record is also devoid of any indication that the victim was stabbed "recklessly" (Penal Law § 125.15) and, therefore, the trial court did not err in declining to charge manslaughter in the second degree as a lesser included offense (see, *People v Glover*, 57 NY2d 61, 63; *People v Scarborough*, 49 NY2d 364, 369-370; *People v Green*, 143 AD2d 768, 770).

Viewing the evidence in the light most favorable to the

People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt and to exclude to a moral certainty every hypothesis other than that the defendant was guilty of manslaughter in the first degree *(see, People v Betancourt,* 68 NY2d 707; *People v Giuliano,* 65 NY2d 766, 767-768; *People v Morales,* 118 AD2d 663; *People v Culpepper,* 109 AD2d 622).

Finally, since the defendant did not object to the submission of the verdict sheet to the jury, his assertion that the verdict sheet was improper is not preserved for appellate review *(see,* CPL 470.05 [2]; *People v Moore,* 156 AD2d 478; *People v Rodriguez,* 144 AD2d 598). Mangano, P. J., Brown, Sullivan and Balletta, JJ., concur.