■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SORSBY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered July 7, 1988, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of the stabbing death of William Rojas, which occurred during the early morning hours of September 24, 1987. At trial, the defendant asserted the defense of justification. On the evening in question, the defendant had been drinking and taking cocaine with Rojas's girlfriend, Lorraine Munoz, at the apartment she shared with Rojas. When Rojas returned home, Munoz confronted him about her missing bicycle, which she believed he had stolen. When it appeared to the defendant that the confrontation between Munoz and Rojas was about to turn violent, he intervened. The ensuing altercation between the defendant and Rojas culminated in Rojas being stabbed to death in the street in front of the apartment building.

On appeal, the defendant challenges the admission into evidence, as an "excited utterance", of the testimony of Munoz and another witness, to the effect that Rojas exclaimed during his struggle with the defendant: "please, make him stop, he's going to stab me", and "help me, help me, he's going to kill me". We disagree.

The jury was properly allowed to consider the challenged testimony for the purposes of evaluating the defendant's state of mind and the reasonableness of his actions, since these considerations were relevant to the defense of justification (see, e.g., People v Brooks, 133 AD2d 411, affd 71 NY2d 877).

The defendant was under a duty to retreat, if he could do so safely, prior to using deadly physical force, and a finding that he failed to do so would undermine the defense of justification (Penal Law § 35.15 [2] [a]; *see, e.g., People v Pabon,* 106 AD2d 587). The jury could have inferred from the challenged testimony that the alleged attack by Rojas had ceased and that the defendant's actions were not carried out in self-defense. Any prejudicial effect from the admission of this testimony was minimized by the court's limiting instructions to the jury that the statements were not to be considered as evidence of the defendant's intent.

We further reject the defendant's contention that the sentence imposed was excessive *(see, People v Suitte,* 90 AD2d 80). Balletta, J. P., Miller, O'Brien and Ritter, JJ., concur.