■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DOUGLAS GUIDO, Respondent. [604 NYS2d 143] —Appeal by the People from an order of the County Court, Suffolk County (Mallon, J.), entered September 17, 1992, which granted the defendant's motion to inspect the Grand Jury minutes and, upon inspection, granted the defendant's motion to dismiss the indictment charging him with manslaughter in the second degree and leaving the scene of an incident.

Ordered that the order is reversed, on the law, the motion is denied, and the matter is remitted to the County Court, Suffolk County, for further proceedings on the indictment.

While waiting in his car for a traffic light to change, the defendant was involved in an altercation with the deceased and another. After that confrontation ended and while the deceased was walking between the defendant's car and the vehicle ahead of it, the defendant's car lunged forward, pinning the deceased between the two vehicles for a "couple of seconds". The defendant's car then backed up and then struck the deceased again, causing his death. At no time during the original altercation did it appear that the deceased or his companion possessed, used, or threatened the immediate use of any weapons. The defendant then left the scene of the incident and returned to his home without reporting it to a local police agency.

Because there was insufficient evidence presented to the Grand Jury that supported a defense of justification, the District Attorney did not err in failing to instruct the Grand Jury on that defense *(see, People v Lancaster,* 69 NY2d 20, *cert*

*denied* 480 US 922; *People v Dempsey,* 177 AD2d 1018). Thompson, J. P., Ritter, Santucci and Joy, JJ., concur.