■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FIZAM HOSEIN, Respondent. [634 NYS2d 491] —Appeal by the People from an order of the Supreme Court, Kings County (Gerges, J.), dated March 14, 1995, which dismissed the indictment on the ground that the prosecutor failed to instruct the Grand Jury on the defense of justification.

Ordered that the order is reversed, on the law, and the indictment is reinstated.

A prosecutor need not instruct a Grand Jury as to every conceivable defense suggested by the evidence, but rather must charge the Grand Jury only as to any "complete" defense that is supported by the evidence and that could potentially obviate a needless or unfounded prosecution *(People v Lancaster,* 69 NY2d 20, 26-28, *cert denied* 480 US 922; *People v Valles,* 62 NY2d 36). Justification is such a complete defense.

However, a person is "justified" in using "deadly physical force" (Penal Law § 10.00 [11]) against another *only* when "[h]e reasonably believes that such other person is using or about to use deadly physical force. Even in such case, however, the actor may not use deadly physical force if he knows that he can with complete safety as to himself and others avoid the necessity of so doing by retreating" (Penal Law § 35.15 [2]; *see, People v Hall*, 220 AD2d 615).

The evidence before the Grand Jury establishes that when the defendant shot Earl Smalls, Smalls was not armed, and the defendant had no reason to believe that Smalls either had a weapon or was about to use deadly physical force against him *(People v Reynoso*, 73 NY2d 816; *People v Guido*, 198 AD2d 433; *People v Porter*, 161 AD2d 811; *People v Harris*, 134 AD2d 369; *People v Figueroa*, 111 AD2d 765).

In addition, at the time the defendant fired the gun, his friend Dudley McCormick was at his side and Smalls' uncle was actively trying to disengage the two combatants, who were some six to seven feet apart from each other on a public street. Under these circumstances, it is clear that the defendant could have retreated in safety from whatever threat Smalls may have posed to him *(see, e.g., People v Vasquez*, 161 AD2d 678, 679; *People v Porter, supra; People v Harris, supra; People v Pabon*, 106 AD2d 587, 588; *People v Alston*, 104 AD2d 653).

Since neither of the two prerequisites justifying the use of deadly physical force set out in Penal Law § 35.15 (2) was met in this case, no justification charge was warranted, and the indictment voted by the Grand Jury was improperly dismissed. Sullivan, J. P., Altman, Hart and Friedmann, JJ., concur.