■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABDUL TAYLOR, Appellant. [21 NYS3d 238]—

Judgment, Supreme Court, New York County (Juan Merchan, J.), rendered November 20, 2009, as amended February 11 and 24, 2010, convicting defendant, after a jury trial, of attempted

murder in the second degree (two counts), assault in the first degree (two counts), attempted assault in the first degree, assault in the second degree (two counts), criminal possession of a weapon in the third degree and criminal mischief in the fourth degree, and sentencing him, as a second violent felony offender, to an aggregate term of 22 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the first-degree assault conviction under count six of the indictment and dismissing that count, and otherwise affirmed.

Defendant's legal sufficiency claim is unpreserved and we decline to review it in the interest of justice except to the extent indicated. As an alternative holding, we find, except to the extent indicated, that the verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The evidence supports the inference that defendant intended to kill two bouncers who were ejecting him from a club. Defendant repeatedly stabbed one of the bouncers in vital organs, and stabbed the other bouncer in the leg before chasing him with a knife and making a death threat that was credible in context. However, since the injuries to the club manager were clearly accidental, we exercise our interest of justice jurisdiction to vacate the corresponding conviction.

The court properly denied defendant's request for a justification charge, since there was no reasonable view of the evidence, viewed in the light most favorable to defendant, to support either the objective or subjective aspects (*see People v Goetz*, 68 NY2d 96 [1986]) of that defense (*see People v Watts*, 57 NY2d 299, 301-302 [1982]). There was no reasonable view that defendant believed, or had reason to believe, that the victims, along with their fellow club employees, were using anything more than ordinary physical force.

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Sweeny, Renwick and Manzanet-Daniels, JJ.