People v Ash (2022 NY Slip Op 01883)





People v Ash


2022 NY Slip Op 01883


Decided on March 17, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 17, 2022

Before: Kapnick, J.P., Mazzarelli, Friedman, Gesmer, Oing, JJ. 


Ind No. 1240/16, 3784/16 Appeal No. 15545 Case No. 2018-3065 

[*1]The People of the State of New York, Respondent,
v
Damon Ash, Defendant-Appellant. 


Caprice R. Jenerson, Office of the Appellate Defender, New York (Margaret E. Knight of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Alice Wiseman of counsel), for respondent.



Judgment, Supreme Court, New York County (Robert M. Mandelbaum, J.), rendered July 14, 2017, convicting defendant, after a jury trial, of assault in the second degree, criminal possession of a weapon in the third degree, coercion in the first degree, intimidating a victim or witness in the third degree, and tampering with a witness in the fourth degree, and sentencing him to an aggregate term of 8&frac13; years, unanimously modified, on the law and as a matter of discretion in the interest of justice, to the extent of vacating the coercion conviction and dismissing that count of the indictment, and otherwise affirmed.
The court properly denied defendant's request for a justification charge because there was no reasonable view of the evidence, viewed in the light most favorable to the defense, to support such a charge. There was no reasonable view of the evidence that when he broke a bottle over the victim's head, defendant subjectively believed that he was in imminent danger of being subjected to deadly physical force (see People v Watts, 57 NY2d 299, 302 [1982]; see also People v Goetz, 68 NY2d 96, 115 [1986]). There is no evidence that defendant saw a knife in the victim's hand during the incident or knew that the victim kept a knife in his room. No witness testified about seeing a knife, and no knife was recovered from the scene. Evidence that a nontestifying declarant mentioned someone having a blade or knife was consistent with the presence of broken glass under the facts presented, and these remarks did not create a reasonable view of the evidence to support a justification charge. Furthermore, even if the evidence could be viewed as suggesting that the victim had a knife, there is no reasonable view of the evidence that the victim was the initial aggressor with regard to deadly physical force (see People v Petty, 7 NY3d 277, 285 [2006]). Finally, defendant's request for a charge on justifiable use of force in defense against a burglary would require the jury "to speculate as to a sequence of events not supported by any of the testimony presented by either side" (People v Bryant, 306 AD2d 66, 66 [1st Dept 2003], lv denied 100 NY2d 618 [2003]).
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. Although there were inconsistences in the victim's testimony, there was evidence tending to corroborate that testimony.
Without objection, the court submitted to the jury the count charging first-degree coercion, although a motion court had reduced that charge to attempted first-degree coercion, after which the People failed to take the steps required by CPL 210.20(6) when a count is reduced. Defendant argues that his attorney rendered ineffective assistance by failing to call these circumstances to the trial court's attention. We conclude that defendant is not entitled to any remedy other than dismissal of the defective count, [*2]because defendant has not established that the prejudice from counsel's omission extended to any other counts. Defendant's claim that the presence of the coercion count (rather than attempted coercion) bolstered the victim's credibility or otherwise affected the verdict on the other charges is speculative, and we find no spillover effect (see People v Allen, 32 NY3d 611, 620 [2018]); People v Doshi, 93 NY2d 499, 505-506 [1999]). We note that the jury acquitted defendant of other charges, including attempted first-degree assault, and that the motion court's reduction of the coercion charge to an attempt was based only on the undisputed fact that defendant's threatening conduct did not actually prevent the victim from testifying in the proceedings.
We perceive no basis for reducing the sentence.
The additional claims of ineffective assistance of counsel raised in defendant's pro se brief are unreviewable on direct appeal, and the remaining pro se claims are unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 17, 2022