People v Castillo (2022 NY Slip Op 06091)

People v Castillo

2022 NY Slip Op 06091

Decided on November 01, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 01, 2022

Before: Gische, J.P., Gesmer, Oing, Kennedy, Scarpulla, JJ. 

Ind. No. 157/17 Appeal No. 16565 Case No. 2020-04441 

[*1]The People of the State of New York, Respondent,
v
Jairo Castillo, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Anjali Pathmanathan of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Cynthia A. Carlson of counsel), for respondent.

Judgment, Supreme Court, Bronx County (April A. Newbauer, J.), rendered November 4, 2019, as amended November 15, 2019, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 15 years to life, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence supports the conclusion that the victim was shot by defendant, and not by an unidentified man who was standing nearby.
Defendant also claims that the sole eyewitness who testified that defendant was the gunman also gave testimony establishing that defendant acted with justification, thereby allegedly rendering the People's case insufficient (see People v Reed, 40 NY2d 204 [1976]). This claim requires preservation (see People v Gray, 86 NY2d 10, 19 [1995]) and we decline to review this unpreserved claim in the interest of justice. As an alternative holding, we reject it on the merits. The eyewitness's testimony, viewed as a whole, did not support a justification defense. Moreover, for the reasons explained herein, the totality of the evidence not only disproved any potential justification defense beyond a reasonable doubt, but also provided no reasonable view warranting submission of that defense to the jury.
The court correctly declined to charge justification because there was no reasonable view of the evidence, viewed most favorably to defendant, to support that defense (see generally People v Goetz, 68 NY2d 96, 105-106 [1986]; People v Watts, 57 NY2d 299, 301 [1982]). It is undisputed that the victim was the initial aggressor, who held a razor blade near defendant's his face and threatened to cut him. However, defendant stepped back, and the victim did not cut him. To the extent that defendant may have been justified in firing one or two shots, the victim turned around after those initial shots, and there was no reasonable view of the evidence, including the autopsy evidence, that defendant, firing from a few feet away, was justified in firing four additional shots into the victim's back, causing his death.
The evidentiary rulings challenged on appeal were provident exercises of discretion that did not cause defendant any prejudice. The court provided defendant with ample scope in which to establish the eyewitness's motives to fabricate. The precluded questions sought to elicit inadmissible hearsay or were improper in form, and the rulings did not deprive defendant of a meaningful opportunity to present a complete defense (People v Deverow, 38 NY3d 157 [2022]). The court's rulings regarding defendant's impeachment of a detective called as a defense witness were also provident exercises of discretion (see CPL 60.35).
Defendant did not preserve his claim regarding the grand [*2]jury proceedings, or his constitutional arguments regarding any of the above-discussed issues (see People v Lane, 7 NY3d 888, 889 [2006]; see also Duncan v Henry, 513 US 364, 366 [1995]), and we decline to review these claims in the interest of justice. As an alternative holding, we reject them on the merits. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 1, 2022