■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN ORTIZ, Appellant.—Judgment, Supreme Court, Bronx County, rendered on July 26, 1974, convicting the defendant, after a jury trial, of the crimes of assault in the second degree and possession of a dangerous weapon, as a misdemeanor, reversed, on the law and on the facts, and a new trial ordered. The evidence discloses that, at the trial, the defendant admitted the confrontation with the complaining witness arising out of an altercation allegedly caused by fumes escaping from defendant's taxi into the complainant's apartment. He stated that the complainant suddenly confronted him with a knife and a bat, trying to force open the door of the taxicab. While admitting these facts, the defendant nevertheless denied having struck the complainant. In order to attack his credibility on this point the People were permitted to show, by the arresting officer's testimony, that the defendant, at the time of his arrest, admitted to the police officer that he struck the complainant, but that he did so in self-defense. The witnesses, Danilo Reynoso and Gladys Rodriquez, both testified that they saw the complainant trying to force his way into the taxicab of the defendant with a knife and a bat in his hand. They also stated that the complainant did force his way into the taxicab at the same time that they observed the defendant getting out of the taxi on the other side. The complainant then came out of the taxi and, at this time, he was bloody. The defendant requested the court to charge on the defense of justification (Penal Law, § 35.15). The court refused to do so. Hence the question is presented, on the evidence before the court, should the request of the defendant have been granted? The People argue that it was not error for the court to refuse to do so because the defendant testified that he did not strike the complainant and did not use physical force. Therefore, he cannot urge the defense of justification. A similar question was considered in *People v Steele* (26 NY2d 526). In that case, although the defendant pleaded an alibi, the court held that such alibi defense did not preclude the requested charge since the jury might disbelieve the alibi and still find on the evidence that the defendant acted justifiably. The court rejected the claim made by the People of inconsistent defenses. The court pointed to the fact that a jury may believe portions of both the defense and prosecution evidence, citing *People v Asan* (22 NY2d 526). Therefore, we conclude that the court erred in failing to give the instruction requested. Concur—Murphy, Lupiano and Capozzoli, JJ.; Markewich, J. P., and Nunez, J., dissent in the following memorandum by Markewich, J. P.: We dissent, and would affirm. Defendant talks out of both sides of his mouth, first denying that he struck complainant at all, even in self-defense, and then seeking a charge suggesting that this nonexistent assault was justified. What is seized upon as a basis for the charge of justification is speculation that there was a fracas, which nobody saw, and the essential central act of which defendant denies. In *People v Steele* (26 NY2d 526), cited by the majority, there was ample ground for a claim of justification: the prosecutor candidly conceded before the jury that complainant there was the aggressor. Not so here. The requested charge finds no support in the record.