■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SYLVESTER HILL, Appellant.—Judgment, Supreme Court, Bronx County, rendered June 21, 1976, after a jury trial convicting the defendant of the crimes of manslaughter in the second degree and possession of a weapon as a felony, unanimously reversed, on the law, and the matter remanded for a new trial. Cherie Seabrook, who had just gotten a driver's permit, stopped her car at the intersection of 161st Street and McCombs Dam Road. Sylvester Hill, the defendant, was seated in the front passenger seat and Mrs. Seabrook's three children were in the back seat. James Mann, whose car pulled up along the right side of the Seabrook car, left his car and approached the front passenger window of the Seabrook car. Mann shouted at Hill, and Hill allegedly made no response. Mann then went back to his car, leaned over it and then returned to the Seabrook vehicle and reached his hand inside its front passenger window. A shot was fired and Mann was fatally wounded. After the shot was fired, Hill switched seats with Seabrook without leaving the car and drove off. The gun, which had fallen into the interior of the vehicle, was later thrown away. At the trial, the testimony of the People's witnesses who were at the scene of the shooting did not establish whether or not Mann reached into the car with any object (i.e., a gun) in his hand. The defendant, who testified on his own behalf, stated that Mann reached into the car window with a nickel-plated gun in his hand. The following colloquy

then took place: "Q. And how did the gun go off? A. Well, I can't say because my hand was on his, both hands was together, and in the struggle the gun went off * * * Q * * * [W]hat were you trying to do? A. I was trying to wrastle it from his arm so he couldn't take another swing at me with it. Q. And, did you, at any time, pull the trigger on that gun? A. Not that I know of, sir. Q. Did you, at any time, intend to shoot this man? A. No, sir." The defendant throughout the trial relied on the defense of justification (Penal Law, § 35.15). A written request to instruct the jury on that defense was submitted. The court instructed the jury that the defense of justification was not available, since Hill testified that he never touched or pulled the trigger of the gun. Defendant was convicted of the crimes of manslaughter in the second degree and possession of a weapon. We would reverse and remand for a new trial. Instructions to the jury by the court must be based upon a view of the evidence most favorable to the defendant *(People v Steele,* 26 NY2d 526, 529). In the case at bar, the defendant did not state absolutely that he did not pull the trigger. The jury, after considering and accepting portions of the defense and prosecution testimony submitted to them, reasonably could have concluded that the defendant caused the gun to fire while he was defending himself against Mann's assault *(People v Asan,* 22 NY2d 526, 530). Furthermore, it appears clear from the testimony in the case at bar that a struggle was observed, which struggle was confirmed by the defense testimony (cf. *People v Ortiz,* 52 AD2d 518). The defendant was therefore entitled to have the jury instructed on the issue of justification (cf. *People v Steele, supra; People v Ortiz, supra),* and we have accordingly ordered a new trial. Concur—Lupiano, J. P., Capozzoli, Lane, Nunez and Lynch, JJ.