■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS C. (ANONYMOUS), Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered July 22, 1976, ·adjudicating him a youthful offender, upon a jury verdict finding him guilty of rape in the first degree, and imposing sentence. Judgment reversed, on the law, and new trial ordered. No issues have been raised with regard to the findings of fact. The trial court should have charged the lesser included offenses of sexual abuse in the first degree and attempted rape in the first degree, as well as coercion in the second degree. Such a request was made by defense counsel and was opposed by the District Attorney upon the ground that the defendant denied having engaged in any sexual activities at all. In our opinion it was reversible error for the trial court to deny the request for the submission of the lesser offenses (see *People v Henderson,* 41 NY2d 233), in spite of the fact that defendant denied the commission of any sex crime (see *People v Steele,* 26 NY2d 526; *People v Ortiz,* 52 AD2d 518). Latham, J. P., Shapiro, Hawkins and Suozzi, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERT DILAN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 15, 1976, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Defendant was charged in three counts of an indictment with commission of the crimes of: (1) criminal sale of a controlled substance in the third degree; (2) criminal possession of a controlled substance in the third degree; and (3) criminal possession of a controlled substance in the seventh degree. All three counts relate to the same transaction. Following a jury trial, defendant was convicted of the sale count and acquitted of the two possession counts. He now asserts, *inter alia,* that "the verdict of conviction on the sale count is so inconsistent with the verdict of acquittal on the two possession counts as to be truly repugnant." We do not agree. The evidence reveals that defendant negotiated with, and accepted money from, two undercover officers, agreeing in exchange therefor to supply a quantity of heroin. This is sufficient to constitute guilt of the sale count (see Penal Law, §§ 220.39, 220.00, subd 1). However, the evidence also shows that defendant never actually had the drugs in his possession and that physical delivery to the undercover agents was made by a third person. The verdict is consistent with these facts (see *People v Pratts,* 50 AD2d 937). We have considered defendant's other contentions and find them to be without merit. Hopkins, J. P., Hawkins and Suozzi, JJ., concur. Shapiro, J., concurs in the result on constraint of the holding in *People v Pratts* (50 AD2d 937).