■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBIN GONZALES, Appellant.—Judgment of the County Court, Suffolk County, rendered August 16, 1976, affirmed. No opinion. This case is remitted to the County Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERTHA GREGORY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered February 22, 1977, convicting her of manslaughter in the second degree, upon her guilty plea, and sentencing her to an indeterminate term of imprisonment with a maximum of 10 years. Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentence to a five-year period of probation. As so modified, judgment affirmed and case remanded to the Criminal Term to fix the conditions of probation and for further proceedings pursuant to CPL 460.50 (subd 5). Based upon the facts and circumstances of this case, the sentence as reduced is adequate. Hopkins, J. P., Latham, Margett and Suozzi, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFERSON JOHNSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 29, 1974, upon resentence, convicting him of criminally selling a dangerous drug in the third degree, criminal possession of a dangerous drug in the third degree (two counts), criminal possession of a dangerous drug in the fourth degree, criminal possession of a dangerous drug in the sixth degree (two counts) and possession of weapons, etc., as a felony, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the convictions of criminal possession of a dangerous drug in the fourth, sixth and third degrees (under counts two, three and seven of the indictment, respectively) and the sentences imposed thereon, and the said counts are dismissed. As so modified, judgment affirmed. It is conceded by the District Attorney that counts two and three are lesser included offenses of count one, which relates to criminal sale of a dangerous drug. Count seven does not constitute a criminal act apart from the facts alleged in count six. While the trial court should have made findings of fact and stated its conclusions of law after the hearing on defendant's suppression motion, as required by law, the record is clear in that regard, and adequately supports the determination to deny the motion. Under the circumstances, no remand is therefore necessary. There is no merit to defendant's other arguments. Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur.