■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN PEREZ, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 24, 1975, convicting him of criminal sale of a controlled substance in the second degree (three counts), criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (four counts), criminal possession of a controlled substance in the fifth degree (three counts) and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the convictions of criminal possession of a controlled substance in the third, fifth and seventh degrees (eight counts), and the sentences imposed thereon, and the said counts are dismissed. As so modified, judgment affirmed. All of the counts which we have dismissed are lesser included offenses of the counts which charge sale of a controlled substance (see *People v Johnson,* 59 AD2d 746; *People v Droz,* 46 AD2d 751). Defendant contends that CPL 300.10 (subd 2) bars a trial court from charging a jury that no unfavorable inference may be drawn from the fact that a defendant did not testify in his own behalf unless that defendant has specifically requested such a charge. This court, in *People v Mims* (59 AD2d 769), cited as one of the grounds for reversing a judgment of conviction the fact that the trial court charged the jury not to draw any unfavorable inferences from appellant's failure to take the stand, notwithstanding the absence of a request from appellant to so charge, in direct contravention of CPL 300.10 (subd 2). Counsel excepted to that charge. However, we declared: "In a case where the guilt of a defendant was proven overwhelmingly, we might have found that these errors did not require reversal of the judgment." The guilt of defendant Perez was overwhelmingly established and, therefore, no reversal is required (see, also, *People v Vereen,* 57 AD2d 768; *People v Mulligan,* 40 AD2d 165; *United States v Garguilo,* 310 F2d 249, 252; cf. *People v Britt,* 43 NY2d 111). Defendant also attacks the mandatory sentencing provisions of the Penal Law governing convictions for the criminal sale of controlled substances, based on the recent decision of the United States District Court for the Southern District of New York in *Carmona v Ward* (436 F Supp 1153, 1163-1172). That case held that the imposition of mandatory sentences of life imprisonment on the petitioners there pursuant to the provisions of section

70.00 of the Penal Law, constituted cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution. It is well settled that the decisions of lower Federal courts are not binding on State courts. Since the specific question raised here by the defendant, the constitutionality under the Eighth Amendment of the sentencing provisions of our narcotic drug laws, was passed upon by the Court of Appeals in June, 1975 in *People v Broadie* (37 NY2d 100, cert den 423 US 950) adversely to his contentions, we reject the argument. There is no merit to defendant's other arguments. Mollen P. J., Suozzi, Cohalan and Hawkins, JJ., concur.