■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALPHONSO DAVIS, Appellant.—Judgment, Supreme Court, New York County, rendered September 25, 1975, after a jury trial, convicting defendant of possession of a weapon as a felony, unanimously reversed, on the law, and the matter remanded for a new trial. Briefly summarized, defendant's version of the circumstances underlying the charge of which he stands convicted is as follows: One Epps held a grievance against him and produced a pistol in an altercation. Defendant pulled the gun away and it might have discharged. As defendant was retrieving the gun, he was ordered to freeze and apprehended by the police. The People's version is that defendant threatened Epps with a knife and when the latter defended himself with a chair, defendant produced a gun and shot at Epps. Epps fled, was stopped by the police and informed them of the incident. The police found defendant with the gun in his hand. The jury in its deliberation requested the following information from the trial court: "Is it common practice to test a firearm believed to be connected with a felony only for the ability to fire, or is it routine also to check it for fingerprints and for whether or not it has been recently fired? Is it common practice to check the hands of someone suspected of firing a gun for powder traces?" The trial court in responding to this inquiry erroneously instructed the jury that if the police saw the gun in defendant's hand there was no *necessity* to have the gun tested for

fingerprints. There was no evidentiary basis with respect to this instruction insofar as *necessity* was concerned. Further, the instruction has within it the vice that it advises the jury that any possession of the gun by defendant would be a crime for which defendant could be convicted if the jury believed the police that defendant possessed it. The evil lies in the instruction's exclusion of a temporary, lawful possession of the gun by defendant, a conclusion reachable notwithstanding defendant's claim that he did not touch the weapon *(People v Hill,* 55 AD2d 539; *People v Pendergraft,* 50 AD2d 531; *People v Messado,* 49 AD2d 560). Similarly, it was error to say to the jury that, because a count against defendant charged possession of a gun, powder traces on defendant's hands were "not an element here." Concur—Lupiano, J. P., Birns, Evans, Lane and Sullivan, JJ.