■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PASQUALE PATTI, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered April 27, 1977, convicting him of possession of gambling records in the first degree, after a nonjury trial, and imposing sentence. The appeal also brings up for review various intermediate orders, one of which denied defendant's motion for an *in camera* hearing with respect to the identity of an informant. By order dated November 28, 1977, this court (1) remitted the case to the Criminal Term for the holding of an *in camera* hearing and the furnishing of a report to this court in accordance with the guidelines set forth in *People v Darden* (34 NY2d 177) and (2) directed that the appeal be held in abeyance in the interim *(People v Patti,* 59 AD2d 949). The hearing was held by the County Court, Westchester County. Judgment affirmed. No opinion. Suozzi, J. P., Rabin, Shapiro and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PASQUALE PATTI, Appellant.—Motion by the People to dismiss the appeal from an order of the County Court, Westchester County, dated July 10, 1978, and cross motion by the defendant for leave to appeal from said order. Motion granted and cross motion denied. The issue which the defendant wishes to raise in connection with this order has been considered by this court in connection with his appeal from the judgment of conviction, which appeal is decided herewith. Suozzi, J. P., Rabin, Shapiro and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARBARA RIZZO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 17, 1976, convicting her of assault in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. On this record, it was error to deny defendant's request to charge the defense of justification (see *People v Steele,* 26 NY2d 526; *People v Carlos C.,* 58 AD2d 655; *People v Ortiz,* 52 AD2d 518). Damiani, J. P., Titone, Rabin and Margett, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO ROSADO, Appellant.—Appeal by defendant, as limited by his brief, from a sentence of the County Court, Suffolk County, imposed November 8, 1976, and amended on November 15, 1976, upon his conviction of criminal possession of a controlled substance in the third degree (a class A-III felony), upon his plea of guilty, the sentence being an indeterminate term of imprisonment with a minimum of one year and a maximum of life. Sentence, as amended, affirmed (see *People v Broadie,* 37 NY2d 100, cert den 423 US 950; *People v Perez,* 61 AD2d 817). We also note that *Carmona v Ward* (436 F Supp 1153), cited by defendant, has been reversed (576 F2d 405). As we have previously pointed out, if there is to be any amelioration of the harshness of the sentences mandated by the present drug laws, it must be accomplished by the Legislature *(People v Castillo,* 61 AD2d 1034; *People v Ramirez,* 63 AD2d 687). Latham, J. P., Suozzi, Gulotta, Shapiro and Cohalan, JJ., concur.