■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUILLERMO RIVERA, Appellant.—Appeal by defendant from a judgment of the County Court, Dutchess County, rendered January 5, 1978, convicting him of two counts of assault in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. The trial court's failure to charge justification based upon defendant's denial that he assaulted the officers was improper. Refusal to charge such an alternative defense, when there is sufficient evidence to support it, is reversible error *(People v Steele,* 26 NY2d 526; *People v Ortiz,* 52 AD2d 518; *People v Rizzo,* 65 AD2d 582; *People v Carlos C. [Anonymous],* 58 AD2d 655). Even if defendant may be deemed to have acquiesced in the trial court's instructions that "under the facts of this case the defense of self-defense is not an issue", reversal is still mandated in the interest of justice (see *People v Butts,* 14 AD2d 486). If the jury had been properly charged on self-defense, it might have decided on the evidence adduced that defendant's actions were either completely justified or, at least, that they negated the intent elements of the assault counts: "intent to cause serious physical injury" and "intent to prevent a peace officer * * * from performing a lawful duty" (Penal Law, § 120.05, subds 1, 3). Indeed, the jury was clearly considering such possibilities, as indicated by its question to the court: "If we are debating about self-defense, does that have to come into the picture of intent?" Mollen, P. J., Damiani, Mangano and Martuscello, JJ., concur.