■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MODLIN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered August 15, 1980, convicting him of sexual abuse in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the facts, indictment dismissed, and this case is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. The People have failed to prove beyond a reasonable doubt the identity of the defendant as the perpetrator of the crimes. Hopkins, J.P., Damiani, Gibbons and Weinstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT URQUIDEZ, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Brennan, J.), rendered July 24, 1979, convicting him of rape in the first degree, upon his plea of guilty, and sentencing him as a second felony offender to an indeterminate term of 7½ to 15 years' imprisonment. Judgment modified, on the law, by reducing the sentence to an indeterminate term of imprisonment of from 5 to 10 years. As so modified, judgment affirmed. A guilty plea induced by an unfulfilled sentence promise must either be vacated or the promise honored *(People v Selikoff,* 35 NY2d 227). Thus we now reduce defendant's sentence to 5 to 10 years which is the maximum term consonant with both section 70.06 (subd 4, par [b]) of the Penal Law, mandating a two to one ratio between the maximum and minimum of an indeterminate term of imprisonment accorded a second felony offender, and the terms of the original plea bargain (see *People v Scott,* 72 AD2d 754; *People v Diaz,* 56 AD2d 827). Hopkins, J.P., Damiani, Titone and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LINCOLN WEST, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Corso, J.), rendered June 22, 1979, convicting him of assault in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. No opinion. Mangano, Rabin and Cohalan, JJ., concur.

Hopkins, J.P., dissents and votes to reverse the judgment and order a new trial, with the following memorandum: The trial court's failure to charge justification was improper since there is sufficient evidence to support the charge (see *People v Steele,* 26 NY2d 526; *People v Ortiz,* 52 AD2d 518; *People v Rivera,* 74 AD2d 589). Defendant admits that he was in possession of a pocket knife, but denies having used it against the complaining witness. Defendant alleges that the complaining witness, a man 50 to 60 pounds heavier than he, initiated the confrontation by hitting him in the stomach a number of times. The complaining witness substantiated part of the defendant's allegations. While the complaining witness denies he was the initial aggressor, he does admit that he used a broomstick against defendant, and that he went to his car to get a jack handle to use against defendant. Thus, if the jury had been properly charged on justification, it might have decided on the evidence adduced that defendant's actions were either completely justified, or at least, that they negated the intent element of the assault count.