■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAPERAHIM KHAN, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered May 18, 1981, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Judgment modified, on the law and the facts, by reversing the conviction for manslaughter in the first degree, and vacating the sentence imposed thereon. As so modified, judgment affirmed, without prejudice to the People to re-present any appropriate charges to another Grand Jury *(see, People v Beslanovics,* 57 NY2d 726).

A statement made by defendant without the benefit of *Miranda* warnings may be used for impeachment purposes, whether during cross-examination or in rebuttal, "provided of course that the trustworthiness of the evidence satisfies legal standards" *(Harris v New York,* 401 US 222, 224; *accord, Oregon v Hass,* 420 US 714; *People v Washington,* 51 NY2d 214). There being no evidence or suggestion that defendant's statements were coerced or involuntarily made *(Mincey v Arizona,* 437 US 385; *People v Caban,* 79 AD2d 1031), he

should not have been permitted to perjure himself with impunity. Therefore, the trial court properly admitted testimony regarding statements allegedly made by defendant without benefit of *Miranda* warnings for the purpose of impeaching defendant's credibility.

However, the trial court did err in refusing to charge the jury as to the justification defense on the lesser included offense of manslaughter in the first degree. A prosecution witness testified that defendant intentionally shot the deceased. Defendant testified that the deceased pulled a gun on him, and during the course of a struggle for its possession, shots were fired. Viewing the evidence in the light most favorable to defendant, as we must *(People v Padgett,* 60 NY2d 142; *People v Steele,* 26 NY2d 526), it cannot be said that no reasonable view of the evidence would support a finding of justification *(see, e.g., People v Jenkins,* 93 AD2d 868; *People v Forchalle,* 88 AD2d 645; *People v Burnell,* 84 AD2d 566). Therefore, the jury should have been instructed on the justification defense. We cannot agree with our dissenting colleague that defendant acquiesced in the trial court's determination that justification was not an issue in this case. On the contrary, defendant properly took exception to the court's failure to give a justification charge. Such request can be made "after the court's charge" (CPL 300.10 [5]; *cf. People v Collins,* 41 AD2d 727).

However, the failure to instruct the jury on the justification defense does not affect the conviction for possession of a weapon *(see, People v Almodovar,* 62 NY2d 126). Accordingly, the conviction for manslaughter in the first degree should be reversed and the sentence imposed thereon vacated without prejudice to the presentation of appropriate charges to a new Grand Jury *(People v Gonzalez,* 61 NY2d 633; *People v Beslanovics,* 57 NY2d 726, *supra)* and the conviction for criminal possession of a weapon in the second degree should be affirmed. Lazer, J. P., Gibbons and Lawrence, JJ., concur.

Weinstein, J., concurs in part and dissents in part and votes to affirm the judgment of conviction in its entirety, with the following memorandum: While I concur with the majority to the extent of holding that the defendant's admission to Detective Sergeant Kerns was properly utilized to impeach the defendant's credibility, I cannot agree that he was entitled to a justification charge on these facts. Even viewing the evidence in the light most favorable to defendant for purposes of assessing the adequacy of the charge *(People v Padgett,* 60 NY2d 142, 144; *People v Steele,* 26 NY2d 526, 529), I find no

reasonable interpretation of the evidence to support a finding of justification.

The People proceeded on the theory that the defendant entered the apartment of the deceased with a gun and intentionally shot him. As per defendant's version, he was never in possession of the weapon at the time of the shootings. He contended that the victim, Alif Hosein, became beligerent and pulled a gun on him while the defendant was visiting at the Hosein apartment. A struggle then ensued during which the defendant snatched at the deceased's wrist in an effort to secure the gun. As characterized by defense counsel in the course of his summation, the gun discharged accidentally in the course of the struggle for its possession. At no point did the defendant claim to have shot the deceased. Nor did any other witness claim that defendant had fired the fatal shot in self-defense (cf. People v Jenkins, 93 AD2d 868). On the contrary, defendant testified that he never held the gun in his hands and that when it discharged, the gun was in the hand of the deceased with the defendant's two hands on top of that. While a defendant's acquiescence in the trial court's determination that justification is not an issue in the case is not determinative of the matter and does not act to preclude a reversal in the interest of justice (see, People v Rivera, 74 AD2d 589; People v Butts, 14 AD2d 486), it would, in my view, constitute a perversion of justice to afford such defendant another trial merely because his original trial strategy ultimately proved to be ineffective. In this respect, I adhere to the reasoning expressed in my dissenting memorandum in People v Jenkins (supra, at p 869).

In so holding, I am not unmindful of the fact that the availability of the justification defense is not restricted to cases where the act committed in avoidance of a perceived greater injury is admitted to have been intentional (see, People v Padgett, supra). The jury, in convicting defendant on the weapons possession charge, clearly rejected his account of the incident as incredible. Having thus negatively assessed defendant's credibility, it is inconceivable that the jurors would have afforded defendant's theory of an accidental shooting a greater degree of credibility had the elements of a justification defense been set forth inasmuch as any basis for such a defense emanates only from defendant's trial testimony.

In the instant case, defense counsel neither argued justification in summation nor requested instructions as to justification prior to the court's submission of its charge to the jury. Nor did the jurors exhibit any confusion regarding the poten-

tial interplay between self-defense and intent which would have rendered such an instruction necessary *(People v Rivera, supra)*. On these facts I find no reasonable view of the evidence which could support the theory that defendant reasonably believed that he was in imminent danger of being subjected to deadly physical force. Accordingly, the trial court was under no obligation to submit the question of justification to the jury *(see, People v Watts,* 57 NY2d 299).

Inasmuch as defendant's remaining contention is without merit, I vote to affirm the judgment of conviction.