OPINION OF THE COURT
Dominic R. Massaro, J.
Edward Smith is a violent predicate felon. On June 6, 1996, he entered a plea of guilty to the crime of assault in the second degree pursuant to Penal Law § 120.05 (7), a subdivision which is applicable to assaults committed inside a prison facility.[1] He had been charged with three counts of this crime for viciously assaulting three correction officers with a sharpened toothbrush while being housed at the Rikers Island Correction Facility. At the time, he was incarcerated there under an earlier New York County indictment (indictment No. 1944/94) to answer for the crime of attempted rape in the first degree (Penal Law § 110.00, 130.35), more specifically, for forcibly throwing a woman to the ground on 42nd Street while shouting obscenities, demanding sexual intercourse and threatening death.
*806 With respect to the attempted rape charge, Mr. Smith, on January 18, 1995 — 1[1]/2 years prior to the entry of the within plea — entered a plea of guilty in satisfaction thereof. Despite the elapsation, now, of two years, he has yet to be sentenced in New York County. Notwithstanding, and following four monthly adjournments before this Bench, he claims a violation of CPL 380.30 (1), moving to divest the court of jurisdiction that his conviction be vacated and the accusatory instrument dismissed. Defendant contends a failure to pronounce sentence "without unreasonable delay” has prejudiced him. By way of explanation, he sets forth that the 24 months of postponement(s) of sentencing in New York County has been by acquiescence. While the motion is in all respects denied, central to its prayer is the novel question of whether an intended consecutive sentence can be imposed prospectively.
UNREASONABLE DELAY
By requiring a court to fix a specific date for sentencing following conviction, CPL 380.30 (1) seeks not only to promote the efficient disposition of cases, but encompasses the Sixth Amendment right to a speedy trial to the extent that such right likewise embraces postconviction proceedings (see, Pollard v United States, 352 US 354 [1957]). Prompt sentencing is an important goal of the criminal justice system in terms of fairness to both the public and a defendant (see, People ex rel. Harty v Fay, 10 NY2d 374 [1961]).
Despite a dearth of cases on this issue, an analysis of the history, practice and purposes for deferring sentence suggests one conclusion: under reasonable circumstances and for a reasonable period of time, superior courts of criminal jurisdiction enjoy a common-law power to postpone the imposition of sentence (see generally, Evans and Stallman, Deferred Sentence: Common Law Alternative to Judge’s Dilemma, NYLJ, Nov. 22, 1982, at 1, col 2).
The Criminal Procedure Law mandates that "[s]entence must be pronounced without unreasonable delay” is straightforward (CPL 380.30 [1]). Essentially, the statute is a codification of Matter of Hogan v Bohan (305 NY 110 [1953]). In Hogan, the Court sought to defer sentencing on the assumption that a defendant could avoid being treated more harshly as a parole violator, that is, one convicted of a felony while on parole; our Court of Appeals ordered otherwise: "following an adjudication of guilt, sentence must be imposed” (305 NY 110, 113). But sentencing can be deferred reasonably, a flexible standard in *807 substitution for the rather rigid one extant prior to enactment of the current Criminal Procedure Law in 1970[2] (see, Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 380.30, at 173; cf., former Code Crim Pro §§ 471, 472, 717).
Precisely what is "reasonable” and how reasonable it must be proven to be is left undefined. This necessarily provides for broad judicial discretion that must be applied on a case-by-case basis. In furtherance, "[b]efore pronouncing sentence, the court * * * may hold one or more pre-sentence conferences * * * in order to (a) resolve any discrepancies between the pre-sentence report, or other information the court has received * * * or (b) assist the court in its consideration of any matter relevant to the sentence to be pronounced” (CPL 400.10 [1]). This provision can be read as legislative authority to defer sentencing in order that conflicts be resolved and doubtful points clarified (see, Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 400.10, at 253).
DEFERRAL VS. DELAY
In People ex rel. Harty v Fay (supra, at 379), the Court of Appeals held that "a long and unnecessary failure to sentence * * * results in lack of jurisdiction”, thus rendering any subsequent imposed sentence void. "[W]here the delay is long and unexplained, the courts will hold it unreasonable” (People v Drake, 61 NY2d 359, 366 [1984]; see, People v Monaghan, 34 AD2d 815 [2d Dept 1970]; People v Newcombe, 18 AD2d 1087 [2d Dept 1963]). Defendant’s reliance on Fay and Drake, however, is misplaced. Here we treat with deferral not delay, deferral for appropriate reasons and definite periods of time, not delay by way of passive inactivity or unexplained failure to impose sentence.
Mr. Smith’s presentence investigation report, for instance, notes that "[t]he defendant denies his guilt and stated that he pled guilty 'to get case over.’ ”[3] Surely the interest of justice will not permit an accused to be sentenced for a crime he now places in doubt. Nor has this doubt yet been clarified, as it must, orally from the mouth of defendant. Counsel’s assurance that Mr. Smith stands by the allocution he now places in question is insufficient as a matter of law (CPL 220.50 [1]).
*808 The report notes further: "[i]t is significant * * * that the defendant has a pending case Ind[ictment No.] 1944/94 in Manhattan * * * adjourned for sentencing”. An adjournment over so long a period of time begs clarification. In this connection, the plea minutes in New York County are revealing.
"the court: The charge [of attempted rape] ***isa*** violent felony offense. It is punishable by a maximum * * * as a second felony offender of * * * seven and a half to 15 years. The minimum is four to eight years.
"I’m promising you the following, I’ll adjourn this case for sentence until the case in The Bronx is finished. I’ll sentence you to four to eight years to be concurrent or at the same time with any sentence you may receive in The Bronx on Indictment [No.] 2288 of '94, do you understand that promise.
"the defendant: Yeah.”[4]
The bargain struck in New York County was particularly aimed at avoiding the imposition of an expected consecutive sentence. Indeed, the court clearly stated it: "[The court] will then adjourn [sentencing] for however long you need so this sentence gets imposed after the sentence in The Bronx, and, therefore, [Mr. Smith is] not at risk of any possible consecutive time.”[5] The record is devoid of objection by the People. Subsequent thereto, in contrast, as a condition to the imposition of the maximum sentence of 3[1]/ 2 to 7 years based upon Mr. Smith’s plea of guilty to the assault charge before this court, it was noted:
"the court: Now the Court is going to impose the sentence consecutive to the sentence you will receive in New York County * * * You understand [this] is how the matter is going to end?
"the defendant: Yeah.”[6]
Defendant thereupon asked for a two-week adjournment to attend to his sentencing in New York County. As of this date, he has repeatedly requested and been granted adjournment(s) of that sentencing.
*809 ESTOPPEL
Respecting defendant’s consent to adjournments in New York County where he is awaiting disposition of the attempted rape charge, the period of deferral caused thereby, at least since June 6, 1996 when he entered the within plea, is of his own making. His is a futile and mistaken attempt to frustrate the entry of consecutive judgment herein, the within protestation notwithstanding. Mr. Smith’s consent(s) there renders the deferral(s) here excusable, and defendant is held to be estopped from asserting a violation before this Bench inasmuch as his own conduct substantially contributed to the claimed delay (see generally, Matter of Weinstein v Haft, 60 NY2d 625 [1983]; Matter of Root v Kapelman, 67 AD2d 131 [1st Dept 1979], lv denied 47 NY2d 706 [1979]). Passage of time, standing alone, does not bar imposition of sentence or require a defendant’s discharge.
Defendant committed his crime in New York County prior to that committed here; he was indicted in New York County prior to his indictment here; he pleaded guilty in New York County prior to the entry of his guilty plea here. Logic would follow that Mr. Smith be sentenced in New York County prior to the imposition of sentence here. Nor was defendant unaware, as amply demonstrated on this record, that the court deferred sentencing on four occasions while awaiting same.
LEGISLATIVE MANDATE
Herein, defendant pleaded guilty to Penal Law § 120.05 (7). Conviction of assault in the second degree, that is, an assault committed inside a prison facility, presumptively requires the imposition of a consecutive sentence. Because of the range of dispositions that may otherwise have occurred or been available to Mr. Smith under the within indictment, only divination would have allowed a court presiding over his earlier plea allocution to be able to fulfill a promise based on the assumption that defendant, in futuro, could avoid being treated more harshly. Notwithstanding, the 18-month removed outcome of Mr. Smith’s Bronx County case, both in terms of the plea entered to a specific crime mandating the imposition of a consecutive sentence, as well as a fully allocuted agreement to the condition for its imposition, that is, "consecutive to the sentence you will receive in New York County” is not simply controlling, but now makes fulfillment of the New York County promise impossible to honor; indeed, in light of the foregoing, legally improper (cf., People v Urquidez, 84 AD2d 795 [2d Dept 1981]; People v Rogers, 81 AD2d 564 [1st Dept 1981]).
*810 Prior to imposition of sentence by this court, Mr. Smith’s case is yet sub judice and cannot be within the discretion or control of any other authority; and, following the imposition of sentence, only the ministerial task of executing punishment in accordance with law remains.
Penal Law § 70.25 (5) provides:
"(b) Except as provided in paragraph (c) of this subdivision, when a person is convicted of assault in the second degree, as defined in subdivision seven of section 120.05 of this chapter, any definite, indeterminate or determinate term of imprisonment which may be imposed as a sentence upon such conviction shall run consecutively to any term of imprisonment which was previously imposed or which may be prospectively imposed where the person was confined within a detention facility at the time of the assault upon a charge which culminated in such sentence of imprisonment.
"(c) Notwithstanding * * * a term of imprisonment imposed upon a conviction to assault in the second degree as defined in subdivision seven of section 120.05 of this chapter may run concurrently to any other term of imprisonment, in the interest of justice, provided the court sets forth in the record its reasons for imposing a concurrent sentence. Nothing in this section shall require the imposition of a sentence of imprisonment where it is not otherwise required by law.” (Emphasis added.)
Such being the case, the court’s analysis of the within offense and Mr. Smith’s extensive prior history of menacing society by violent behavior on a continuing basis, including the New York County episode awaiting final disposition — this being his fourth felony conviction[7] —finds that he is not deserving of consideration for mitigation of the required harsher treatment where a consecutive sentence is otherwise mandated.
This particular section of the Penal Law specifically was designed to provide for the imposition of a consecutive sentence prospectively. It requires that "the sentence for the assault in the second degree be consecutive to whatever sentence of imprisonment the inmate was at the time of the assault, subject *811 to, serving, or (if the inmate was awaiting disposition of another charge) expected to receive” (Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 70.25 [5], at 312 [emphasis added]).
PROSPECTIVE CONSECUTIVE SENTENCE
The legislative wisdom found in section 70.25 (5) of the Penal Law in no manner suggests, as Mr. Smith most assuredly hopes, that he can avoid the cumulative effect of the sentences to be imposed for separate crimes committed in two counties. The section is unique in its clarity that the sentence herein can be imposed to run consecutive to "any term of imprisonment * * * which may be prospectively imposed” (Penal Law § 70.25 [5] [b]) where a defendant is awaiting an expected disposition of another charge. Salutarily, this has implications for promptness in sentencing and efficiency in the administration of justice where impasses not unlike the one at hand might otherwise interfere. The order of adjudication matters not (cf., People v Alexander, 213 AD2d 227 [1st Dept 1995]). This interpretation comports both with the language of the section and with the broader legislative intent of imposing an adequate deterrent to inmates from attacking their keepers, as well as others, with impunity.
CONCLUSION
"In sum, whether dismissal is warranted depends upon the length of the delay and the reasons for it. Generally, where the delay is long and unexplained, the courts will hold it unreasonable * * * Conversely, where the delay is not protracted and plausible reasons are offered to explain it, the courts hold that it is not unreasonable” (People v Drake, 61 NY2d 359, 366, supra).
That the interest of justice be served, Mr. Smith’s consecutive sentence will be visited prospectively upon him at the appropriate moment, that is, when he is afforded at least the opportunity to unequivocally affirm his allocution of guilt.[8]

. A person is guilty of assault in the second degree when: "[h]aving been charged with or convicted of a crime and while confined in a correctional facility * * * pursuant to such charge or conviction, with intent to cause physical injury to another person, he causes such injury to such person or to a third person.” (Penal Law § 120.05 [7].)

. L 1970, chs 996, 997.

. NY City Dept of Probation, presentencing investigation, June 24,1996, at 2.

. Indictment No. 1994/94, plea allocution, Jan. 18, 1995, at 5, Part 75, NY County (Fried, J.).

. Indictment No. 1994/94, plea allocution, Jan. 18, 1995, at 3, Part 75, NY County (Fried, J.).

. Indictment No. 2288/94, plea allocution, June 6, 1996, at 15, Part 45, Bronx County (Massaro, J.).

. Mr. Smith’s legal history is characterized only by violent criminal behavior: Dec. 5,1988, convicted of the crime of robbery in the second degree (Penal Law § 160.10); May 25, 1989, convicted of the crime of attempted robbery in the second degree (Penal Law §§ 110.00, 160.10); Jan. 18, 1995, convicted of the crime of attempted rape in the first degree (Penal Law §§ 110.00, 130.35); June 6, 1996, convicted of the crime of assault in the second degree (Penal Law § 120.05 [7]).

. Involvement in an altercation while being transported by the New York City Department of Correction prevented Mr. Smith from keeping his last scheduled court appearance date (Jan. 9, 1997).