■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD SMALL, Appellant. [915 NYS2d 501]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Parker, J.), rendered September 3, 2008, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court properly denied the defendant's request

for a justification charge since no reasonable view of the evidence supported such a charge (see Penal Law § 35.15 [2] [a]; *People v Umali*, 10 NY3d 417, 425 [2008], *cert denied* 556 US —, 129 S Ct 1595 [2009]; *People v Petty*, 7 NY3d 277, 284 [2006]; *People v Goetz*, 68 NY2d 96, 105-106 [1986]; *People v Watts*, 57 NY2d 299, 301 [1982]; *People v Ojar*, 38 AD3d 684, 685 [2007]). The defendant shot the victim, who was unarmed, and the evidence indicates that the defendant had no reason to believe that the victim was armed or was about to use deadly physical force against him, or that the defendant could not retreat in complete safety (see *People v Watts*, 57 NY2d at 302; *People v Dickerson*, 67 AD3d 700, 701 [2009]; *People v Simon*, 56 AD3d 804, 804-805 [2008]; *People v Krebs*, 11 AD3d 713 [2004]; *People v Snell*, 256 AD2d 480, 481 [1998]; *People v Davis*, 232 AD2d 209 [1996]; *compare People v Arzu*, 7 AD3d 458, 459 [2004]; *People v Khan*, 113 AD2d 773, 774 [1985], *affd* 68 NY2d 921 [1986]).

The defendant's remaining contention regarding his conviction of criminal possession of a weapon in the second degree is without merit (see *People v Pons*, 68 NY2d 264, 265 [1986]; *People v Almodovar*, 62 NY2d 126, 130 [1984]; *People v Khan*, 113 AD2d at 774; *but see People v Aruz*, 253 AD2d 592, 595 [1998]). Florio, J.P., Eng, Belen and Austin, JJ., concur.