The People of the State of New York, Respondent,
against
Jonathan Oakley, Appellant. 




Randall Richards, for appellant.
Westchester County District Attorney (Christine DiSalvo and William C. Milaccio of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Village of Tarrytown, Westchester County (George Hlapatsos, J.), rendered August 15, 2018. The judgment convicted defendant, upon a jury verdict, of menacing in the second degree, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
Defendant was convicted, following a jury trial, of menacing in the second degree (Penal Law § 120.14 [1]). On appeal, defendant argues that the Justice Court erred in denying his request for a justification charge pursuant to Penal Law § 35.15 (1) and in failing to provide the jury with a justification charge pursuant to Penal Law § 35.15 (2). 
Defendant's contention regarding Penal Law § 35.15 (2), which involves justification for the use of deadly physical force, is unpreserved for appellate review, because defense counsel never requested such a charge (see CPL 470.05 [2]; People v Hardy, 166 AD3d 645, 647 [2018]). In any event, there was no reasonable view of the evidence, when viewed in the light most favorable to defendant (see People v Torre, 42 NY2d 1036, 1037 [1977]; People v Duka, 173 AD3d 764 [2019]), that would support an instruction on the defense of justification pursuant to Penal Law § 35.15 (2) (see People v Small, 80 AD3d 786, 787 [2011]).
Viewing the evidence in the light most favorable to defendant, there was no reasonable view of the evidence supporting the elements of a justification defense pursuant to Penal Law § 35.15 (1), which involves justification for the use of ordinary physical force. Defendant testified that the victim was "agitated," came within "inches" of defendant's face, and "bumped his stomach" into defendant, causing defendant to be "afraid" for his life. Defendant further testified that, in response, he displayed a loaded, operable gun in its holster and verbalized to the victim [*2]that he was "not going to allow this to proceed any further." Under the circumstances presented, we conclude that defendant never used physical force (see People v Montanez, 17 Misc 3d 126[A], 2007 NY Slip Op 51806[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2007]; cf. People v Magliato, 68 NY2d 24, 30 [1986]) so as to warrant a justification charge pursuant to Penal Law § 35.15 (1).
Accordingly, the judgment of conviction is affirmed.
ADAMS, P.J., RUDERMAN and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 30, 2020