People v Horton (2022 NY Slip Op 04501)

People v Horton

2022 NY Slip Op 04501

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, NEMOYER, CURRAN, AND WINSLOW, JJ.

528 KA 21-01034

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KYLE J. HORTON, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

ROSEMARIE RICHARDS, GILBERTSVILLE, FOR DEFENDANT-APPELLANT.
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Steuben County Court (Patrick F. McAllister, A.J.), rendered June 14, 2021. The judgment convicted defendant, upon his plea of guilty, of intimidating a victim or witness in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed and the matter is remitted to Steuben County Court for further proceedings in accordance with the following memorandum: In appeal No. 1, defendant appeals from a judgment convicting him, upon his plea of guilty, of intimidating a victim or witness in the third degree (Penal Law § 215.15 [1]). In appeal No. 2, defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted assault in the first degree
(§§ 110.00, 120.10 [1]). In appeal No. 3, defendant appeals from a judgment convicting him, upon his plea of guilty, of assault in the second degree (§ 120.05 [2]). In appeal No. 4, defendant appeals from a judgment convicting him, upon his plea of guilty, of petit larceny (§ 155.25). In appeal No. 5, defendant appeals from a judgment convicting him, upon his plea of guilty, of assault in the second degree (§ 120.05 [7]). The sentences for the felony convictions in appeal Nos. 1, 2, 3, and 5 were imposed concurrently to each other, and the sentence for the misdemeanor conviction in appeal No. 4 merged by operation of law with the remaining sentences (see § 70.35). In each of the five appeals, we modify the judgment by vacating the sentence, and we remit the matter to County Court to afford defendant the opportunity to either withdraw his guilty pleas or be resentenced in compliance with Penal Law § 70.25 (2-b) and (5) (b)-(c).
Preliminarily, we note that defendant was either 20 or 21 years old when he committed the crimes to which he pleaded guilty in each of the five appeals. Thus, contrary to defendant's contention in all five appeals, he was ineligible for youthful offender treatment on any of the convictions now before us (see CPL 720.10 [1]), and there is therefore "no basis for resentencing pursuant to People v Middlebrooks (25 NY3d 516 [2015])" (People v Walker, 148 AD3d 1569, 1570 [4th Dept 2017], lv denied 29 NY3d 1088 [2017]). Moreover, defendant's challenge to the voluntariness of his guilty plea in each appeal is unpreserved and, in any event, is without merit (see People v Cato, 199 AD3d 1388, 1389 [4th Dept 2021]).
We conclude, however, that the sentences imposed in appeal Nos. 1, 2, and 3 must be vacated for a reason not raised by the parties. The court erred in directing that the sentences underlying these appeals run concurrently without making " 'a statement on the record of the facts and circumstances' " warranting that determination (People v Phelps, 91 AD3d 1276, 1276 [4th Dept 2012]; see Penal Law
§ 70.25 [2-b]). Here, defendant committed the crimes to which he pleaded guilty in appeal Nos. 2 and 3 while released on recognizance for the charge to which he pleaded guilty in appeal No. 1, and defendant also committed the crime to which he pleaded guilty in appeal No. 2 while [*2]released on recognizance for the charge to which he pleaded guilty in appeal No. 3. Thus, in the absence of a statement of the facts and circumstances warranting concurrent sentences set forth on the record, the court was required to direct that the felony sentences run consecutively (see § 70.25 [2-b]; People v Davis, 37 AD3d 1179, 1180 [4th Dept 2007], lv denied 8 NY3d 983 [2007]).
We must also vacate the sentence imposed in appeal No. 5, again for a reason not raised by the parties. A court may, in the interest of justice, impose a concurrent sentence for a conviction of assault in the second degree under Penal Law § 120.05 (7), provided that the court sets forth in the record its reasons for imposing a concurrent sentence (see Penal Law § 70.25 [5] [c]; People v Smith, 171 Misc 2d 804, 810 [Sup Ct, Bronx County 1997]). Here, however, the court imposed a concurrent sentence without setting forth its reason on the record.
Moreover, because defendant's guilty pleas in appeal Nos. 1 through 5 were all induced by the promise of illegal concurrent sentencing, we must also vacate the sentence imposed in appeal No. 4, and in each of the five appeals we remit the matter to County Court to afford defendant the opportunity to either withdraw his guilty plea or be resentenced in compliance with Penal Law § 70.25 (2-b) and (5)
(b-c) (see People v DeValle, 94 NY2d 870, 871-872 [2000]; Phelps, 91 AD3d at 1276).
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court